HENRY H. DARLING *vs.* SYLVESTER ANDREWS & trustees.

A., in consideration of an agreement to furnish him with provisions on credit, executed to B. an assignment of all the moneys then due from C. for the wages of himself and his minor children, and all that should become due in the said employment for the term of two years; giving to B. authority to collect and receive the same, and apply the same to the payment of the indebtedness and advances, and pay to A. the balance, if any should remain, after paying and satisfying all said indebtedness and advances on other claims. *Held,* that the balance due from C. at any time, over and above the amount then due from A. to the assignee, might be held upon a trustee process in favor of a creditor of A.
Medical services rendered by a physician in regular standing, and medicines furnished by him, are necessaries, within the meaning of Gen Sts. *c.* 142, § 29.

TRUSTEE PROCESS, in which Paul W. Dudley and Charles P. Whitin, copartners, and John C. Whitin were summoned as trustees. Dudley and Whitin disclosed, in answer to interrogatories, that at the time of the service of the writ the defendant owed them the sum of $106.57. John C. Whitin disclosed in his answer that at the time of the service he owed the defendant the sum of $119.46, for the wages of himself and his minor child; and that this sum was claimed by Dudley and Whitin, under the following assignment, executed by the defendant on the 11th of January 1864 :

" I, Sylvester Andrews of Northbridge, . . . . . in consideration of present indebtedness to Charles P. Whitin ·and P. Whitin Dudley, copartners, doing business under the name and firm of P. W. Dudley & Co., of said Northbridge, in the sum of one hundred dollars, and in consideration that the said P. W. Dudley & Co. have promised and agreed and doth hereby promise and agree to furnish and provide me with provisions and goods upon credit from time to time for the use of myself and family as I shall need and require the same, to an amount not exceeding in any month the amount of wages hereinafter assigned, do hereby sell, assign, transfer and set over unto the said P. W. Dudley & Co. all the moneys now due me for wages of myself and minor children and for board from John C. Whitin of said Northbridge, or any company, corporation, person or persons whatsoever and wheresoever, and all that shall hereafter · become due me for wages aforesaid in the employ aforesaid, for the term of two years next hereafter.

"And I hereby give the said P. W. Dudley & Co full power and authority in my name, but to their own use and benefit, to collect and receive the same and give valid discharges therefor, and the said P. W. Dudley & Co. shall apply said wages as they shall receive the same to the payment and satisfaction of said indebtedness and advances, and pay to me the balance if any remain after paying and satisfying all said indebtedness and advances and all such claims and liabilities as they may have against me."

It was agreed that the plaintiff is a physician in regular

standing, and that the charges which the action was brought to recover were for ordinary professional services rendered and medicines furnished by him to the defendant and his family, at the defendant's request.

The trustees were discharged in the superior court, and the plaintiff appealed to this court.

*P. C. Bacon*, for the plaintiff.

*E. B. Stoddard*, for the trustees.

HOAR, J.   1. The principal defendant made an assignment of all the wages due, or which might become due for two years, from the trustees, on account of the services of himself and his minor children, and the first question is on the validity and effect of this assignment.   It was made upon the consideration of the agreement of the assignees to furnish and provide from time to time for the use of the assignor and his family provisions and goods upon credit, as he should need and require the same, to an amount not exceeding in any month the amount of the wages assigned.   The assignment then provided that the assignees should have full power and authority, in the name of the assignor, but to their own use, to collect and receive the same and give valid discharges therefor; and that they should apply said wages, as they should receive the same, to the payment and satisfaction of said indebtedness and advances, and pay to the assignor the balance, if any should remain after paying and satisfying all said indebtedness and advances, and all such claims and liabilities as they might have against him.

The assignment was lawful and valid, being of wages to be earned under a subsisting contract. *Boylen* v. *Leonard*, 2 Allen, 407.   By its terms, the assignees were to apply the money received under it, "as they should receive the same," to the payment of their own advances, and pay the balance to the assignor. We think the just construction of this contract would require the payment of the balance to be made from time to time, as it was received.   All that the assignees might receive above the amount due to them would therefore be received to the immediate use of the assignor, and the title of the assignees to that part of the fund could not prevail against the claims of creditors.

*Macomber* v. *Doane*, 2 Allen, 541. The fact that the balance was payable to the assignor from time to time, as received, distinguishes the case from *Lannan* v. *Smith*, 7 Gray, 150.

The assignees should regularly have appeared or should have been summoned in as claimants of the fund. But they have been summoned as trustees, and have appeared and answered, and disclosed the extent of their equitable interest; and no objection is taken to the irregularity. The trustees are therefore to be charged for the sum of $12.89, being the amount in their hands above that which was due to the assignees.

2. There can be no doubt that the plaintiff's claim, being for medical attendance and medicines furnished to the debtor and his family, is "a demand for necessaries" under Gen. Sts. c. 142, § 29, so that no deduction is to be made from the sum for which the trustees are chargeable by reason of the provisions of that statute. *Wood* v. *O'Kelley*, 8 Cush. 406. *Trustees charged.*