STEARNS *v.* AGUIRRE *et al.*

In an action brought jointly against two defendants on a joint and several obligation, the entry of final judgment on default against one of the defendants, is a discharge of the other.

In all cases of joint and several contracts, the plaintiff may elect whether he will sue the defendants severally or jointly; having elected to treat his demand as joint, for the purposes of the action, he must be governed by the same rules which would have applied, if his contract originally had been joint and not joint and several, and it is clearly error to enter several judgments against the defendants.

There is nothing in the Practice Act of this State which has altered the common law rule.

APPEAL from the District Court of the First Judicial District, County of Los Angeles.

The plaintiff, Abel Stearns, brought his action against the defendants Jose Antonio Aguirre and Santiago E. Arguello jointly, upon a joint and several promissory note. Service of process was had on both the defendants. Arguello made default, and Aguirre answered. Pending the proceedings, final judgment upon the default was entered against Arguello in the Clerk's office, and afterwards judgment was obtained against Aguirre on trial of cause. The plaintiff on the trial offered the note in evidence, to the introduction of which defendant Aguirre objected, on the ground that since the issue was made in this cause, the plaintiff had taken a several judgment against Arguello, whereby the note offered in evidence had become merged and extinguished in a higher security, and imported no subsisting joint indebtness or liability of the defendants. The Court overruled the objection and defendant filed his bill of exceptions. The jury found a general verdict for the plaintiff, as well as a special verdict on certain questions of fact, not material under the decision of this Court. Defendant Aguirre appealed.

*J. Lancaster Brent* for Appellant.   No brief on file.

*J. R. Scott* for Respondent.

The doctrine contended for by appellant is, that plaintiff having brought suit against both defendants in the same complaint, he has

elected to make the obligation sued upon, a joint complaint, and cannot afterwards treat the same as several; and that having taken a separate judgment against Arguello, the joint contract is extinguished, and that he cannot have judgment against appellant, for the reason that he has no joint obligation.

It is submitted that the doctrine contended for is not law, nor is it supported by the authorities cited.

He cites 1st Tidd's Practice, 125, that in a joint action the plaintiff cannot proceed against one, without proceeding to outlawry against the other. This is a case of joint action upon a joint contract, and not a case of an action where the parties are bound, jointly and severally. But even that doctrine has been overruled by this Court. In the case of Rowe *v.* Chandler *et al.*, 1 Cal. R., 167, this Court decided that in an action against two on a joint contract, the plaintiff might have judgment against one defendant, and the other defendant have judgment against the plaintiff; but it does not need the doctrine in the last named case to support the case of respondent in this cause.

The case ·cited by appellant, 1 Tidd's Practice, 8, is where the Court decide that where a suit is brought by writ, the declaration must in all cases correspond with the writ, or the proceedings would be irregular and be set aside. The defendant cites the Bank of Genesee *v.* Field, 10 Wendell, 643. That was a case of a motion to set aside a judgment by default against one defendant, where he had made default, and the other had plead, and the Court decided that under the statutes of New York the practice was regular.

The laws of New York there cited, correspond in substance with sections 15, 146 and 147 of our Practice Act. See laws of New York of 1832, p. 489, §§ 1 and 4; also laws of New of 1835, p. 284, § 2. Section first of laws of 1832, is the same in substance as section 15 of our Act.

Appellant also cites the case of Planters *v.* Johnson, 3 Hill, 477. This was a case where both defendants had answered jointly, and the plea had only been verified by one, and the plaintiff had taken default against the one who had not verified his plea; and the Court held the same irregular, but does not say what the result would have been, had but one defendant answered.

The appellant also cites in support of this doctrine Bawson *v.* Turner, 4 Johnson, 473. This was a case of suit against sheriff for escape. The plaintiff brought suit after escape and recovered judgment. The defendant was afterwards re-committed by the sheriff, and the sheriff's successor permitted another escape, and the Court held the first suit a bar to the suit against the second sheriff.

The appellant contends that the contract is merged in the judgment against Arguello, and cites Chitty on Contracts, 782 and 786, and Story on Contracts, § 999. All these are cases where a security of a higher nature has been taken and received in payment of an existing debt. But the doctrine of what extinguishes a demand is fully considered by the Court in the case of Shaw *v.* Burton, 5 Missouri R.,

478. There the Court say that the security must be given and received in payment and discharge of the first contract, or it is no extinguishment."

The appellant cites many authorities in support of his doctrine, but it is submitted that not one cited applies to this case. The case of Robertson *v.* Smith, 18 Johnson, 459 ; Penny *v.* Martin, 4 Johnson's Ch. R., 567 ; the case of Pierce *v.* Kearney, 5 Hill, 82 ; the case of U. S. *v.* Ashley, 3 Washington C. C. R., 508 ; the case of Smith *v.* Black, 9 Serg. & Rawle, 142 ; the case of Moale *v.* Hollins, 11 Gill & Johns. R., were all cases of partners, and the Court held that the demand being joint—that is, the liabilities of partners being inseparable—that plaintiff could not make the demand several and bring separate suits against each ; that is, where the demand is strictly joint, that but one suit can be brought thereon ; and that if the plaintiff recover judgment against one, that the demand being inseparable by the terms of the contract between the parties, it remains so throughout.

The case of Ward *v.* Johnson, 13 Mass. R., 148, and the case of Taylor *v.* Glagpool, 5 Black., 558, are cases of joint obligation, and not joint and several ; and, therefore, the same doctrine as above would apply. It is contended that the case of Shechy *v.* Mandeville, 6 Cranch, has been overruled. True, other Courts have held the doctrine to be different ; but it is submitted that none of the cases cited are applicable to this case, they being all upon joint contracts and obligations, and this being a case of joint and several.

It is submitted that upon a joint and several contract, a judgment against one of the parties without satisfaction, is in law no bar to a judgment against the other. This doctrine has been held by all the Courts in any case where the question has been litigated. In Livingston *v.* Bishop, 1 Johnson, 289 ; in Drake *v.* Mitchell, 3 East., 251 ; in Ousterhout *v.* Roberts, 8 Cowen, 43 ; in Chapman *v.* Martin, 13 Johnson, 240, and in Monford *v.* Stoker, 1 Cowen, 178, this doctrine has been fully sustained.

Again, in Stingley *v.* Kirkpatrick, 8 Blackford's R., the Court held that where a joint suit was brought against three makers of a joint and several promissory note, and all the defendants had judgment, that judgment was no bar to subsequent suit by the holder against one of the makers.

But it is submitted that the different provisions of our Practice Act fully settle this doctrine.

Section 15 provides that in actions by the holder against persons severally liable upon the same obligation (including all parties to promissory notes and bills of exchange,) all, or any of them, may be included in the same action, at the option of plaintiff ; this completely does away with the doctrine contended for by appellant, that they must all be sued jointly or severally.

Section 32 cites two classes of cases. The first subdivision pertains to joint contracts, and gives the mode of proceeding against them ;

which is further particularized in the Act from section 368 to section 374, all relating in express terms to the first subdivison of section 32.

The second subdivision of section 32 is totally different, and applies to cases where persons are joined in one suit, but are severally liable upon a contract; thus clearly showing the intention of the Legislature, that it was the nature of the contract that should govern the lia-bilities of the defendant; that is, where several persons are joined in one suit, and by the terms of the contract they are severally liable, judgment may be taken against them severally; thus looking at the form of the contract upon which the suit is brought, instead of the form of the action.

Section 146 of the Practice Act, says that in an action against several defendants, the Court may in its discretion render judgment against one or more of them; leaving the action to proceed against the others, where a several judgment is proper. Now, what is the meaning of this section, especially when taken in connection with the second subdivision of section 32? It is admitted that both admit of but one construction; that is, that where, from the nature of the contract sued upon, the parties are severally liable, then the Court may in its discretion render judgment against one or more, leaving the action to proceed against the others.

This, it is submitted, has been done in this case. The Court has used its discretion, and unless there has been an abuse of such discretion, this Court will not disturb the verdict. This is a doctrine too well established to need any authorities cited to support it.

The construction here contended for is the same given to section 274 of the New York Code, (which is the precise language of section 146 of our Practice Act,) for, in the case of Fullerton *v.* Taylor, 6 Howard's Practice Reports, 259, the Court says, that the cases where a several judgment would be proven, are too well known to need comment, and expressly declares that it pertains to bills of exchange and promissory notes.

It is submitted that if the doctrine contended for by appellant be law, then sections 15, 146, and second subdivision of section 32 of our Practice Act are meaningless. There could be no possible case in which they could apply. He contends that in case you sue more than one, your action becomes joint, and that you cannot sever; and that for the purpose of the suit the action is joint throughout.

But if the taking of the judgment against Arguello was irregular and not authorized by law, what result flows therefrom? Would that be a bar to the suit against appellant? It is submitted, not; but that the judgment against Arguello, if not regular—that is, if the clerk entered the same in a case not authorized by section 150 of the Practice Act, (which is the only section authorizing the clerk to enter judgment,)— then the same is a nullity, and is absolutely void. This point was decided by this Court in the case of Domingues *v.* Domingues—that where the Court rendered judgment after the term had expired, that such judgment was *coram non judice*, and void; and if void, could not

be set up as a bar in this suit.   So that it is submitted that in neither case, good or bad, would the same be any bar.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

This was an action in the Court below, by Stearns as plaintiff, against the defendants upon a joint and several promissory note.   One of the defendants made default, the other answered, and pending the proceeding, final judgment was entered against the defaulting defendant.   This is alleged as error, and it is contended that the defendant Arguello is discharged by the judgment against his co-defendant, such judgment operating as a merger of the note, and the *substitution of a higher security*.

If the contract declared on was joint, and not joint and several, the case would be relieved from all its embarrassment, as we are satisfied, upon the weight of authority, the plaintiff would have lost his right of action against the appellant.

In the case of Sheehy v. Mandeville, 6 Cranch, the Supreme Court of the United States held, that a several suit and judgment against one of two joint makers of a promissory note, was not a bar to a joint action against both on the note, and that the whole of such note was not merged in the judgment against one on his individual assumpsit.   This decision has never met the approbation of the bar, and has been questioned by the Courts of most of the States.   In New York, in the case of Robertson v. Smith, 18 John., this question came before the Supreme Court of that State, and an exactly contrary doctrine was holden.   In commenting on this case, after stating the point decided, the learned Judge says: "It is undoubtedly true, that a suit and judgment against Jameson was not a judgment against Mandeville ; but that the doctrine of merger, or extinguishment, would be applicable only to a case in which the declaration was on a joint covenant, and not to a case in which the declaration in the first suit was on a sole contract, I must beg leave to deny, not in the terms in which the proposition is stated, but upon the facts of that case, and of the one now under consideration. In both cases, the declaration was upon a joint promise ; and in the one case, a judgment had been rendered against one of the two defendants, on the same joint contract, and in the other against two of them on the same promises.   Now, if the general issue had been pleaded, and under that, evidence could have been given of the recovery of the judgments against some of the defendants, I beg to know whether, as regarded such defendants, the promises were not merged in the judgments?   It seems to me that this is an undeniable proposition ; else, there may be several judgments against the same person for one and the same debt or duty.   If, then, as respects the defendants, against whom the judgment had been recovered, the simple contract was merged in the judgment, and they had ceased to be answerable upon the simple contract, the plaintiff must fail, because he has not maintained his declaration in showing a subsisting indebtedness in all the defendants,

Stearns *v.* Aguirre.

in the manner alleged in his declaration; but on the contrary, it would appear that the plaintiff, by his own act, through the instrumentality of the law, has suspended his remedy against some of the defendants, by changing their indebtedness from that of a simple contract to a debt of record. Nor do I perceive how the Court could disengage themselves from the intricacy of the inquiry, which it was admitted would have arisen, had Jameson and Mandeville joined in the plea, (which in that case, it seems to be admitted, would have been a bar in favor of Jameson,) because Mandeville alone pleaded. If a judgment rendered against one of several joint promissors, extinguished, merged, or suspended the plaintiff's right on that contract against one, and, as a consequence against the other, then, certainly either of them could plead that matter. And how the legal state of the question could be varied, by the same matter being pleaded jointly or severally, I am at a loss to discover. Upon the whole, I am not satisfied by the train of reasoning adopted in the case of Sheehy *v.* Mandeville. My conclusion is, that the judgment against two of the defendants is a bar to a suit brought on the same cause of action against those two, and Peter Smith and Van Santvoord, as long as that judgment remains in full force. Whether the Court would not allow the plaintiff to move to vacate the judgment, is a different question."

The same doctrine was held in the cases of Smith *v.* Black, 9 Sergeant & Rawle; Ward *v.* Johnson, 13 Mass.; Moale *v.* Hallins, 11 Gill., and John Taylor *v.* Claypool, 5 Blackford, and in Illinois, in 1 Scammon, 52; 2 Scam., 36, 319 and 574. We deem it unnecessary, upon our part, to adduce any argument for adopting a rule different from that laid down by the Supreme Court of the United States in Sheehy *v.* Mandeville, other than the decisions which we have referred to, and which, to our mind, are a sufficient answer to the opinion of the learned Judge who decided that case. It now remains to determine whether there is any difference between a joint, and a joint and several contract, where the plaintiff proceeds jointly against the makers.

At common law, when a party brought his action against two or more defendants, he was bound to make out his case against all, or he could not recover against any one of them; the *allegata* and *probata* must correspond. The defendant was called into Court to answer a joint demand as against himself and others, and could not be compelled to submit to a several judgment, except, perhaps, in certain cases where his co-defendants interposed privileged pleas, such as infancy, or discharge in bankruptcy. In all cases of joint and several contracts, the plaintiff may elect whether he will sue the defendants severally or jointly, and having elected to treat his demand as joint, for the purposes of his action, it would be difficult to say on what ground he was entitled to separate judgments, or how the case differs from an original suit brought upon a joint contract. The plaintiff had his election to consider the obligation, for the purpose of this suit, as joint and several, or joint, but not both. 1, Chitty on Pleadings, §§ 42–3–4–5.

If then we are right in this position, that by bringing a joint action,

the plaintiff must be governed by the same rules which would have applied as if his contract originally had been joint, and not joint and several, it is clear that there was an error in entering separate judgment, against the defendants. At common law, where a joint action was brought against several defendants, and one of them was not served, no judgment could be entered against the rest, until such defendant was driven to outlawry. To avoid the expense and delay of such a proceeding, our statute has made provision as to defendants not served, leaving the law to stand as it did before, as to those brought in by summons.

It was assumed on the argument of this case, that the rule contended for only applied to joint contracts, and that no adjudications were to be found in a case precisely in point. As we have already remarked, we are unable to distinguish any difference in the principle of the two cases. Many of the cases cited arose upon partnership transactions, and for aught we can gain from opinions, the Courts may have been inclined to the doctrine that partnership contracts were joint and several obligations, or they may have been declared so by statute, although this doctrine is expressly repudiated by the case already quoted from 18 Johnson. In Illinois, a similar case arose in an action of debt on an official bond; the obligation of the bond was, by statute, joint and several. The plaintiffs declared against all the obligors, and judgment was rendered against one only. This was held to be error. (Hoxey *v.* The County of Macoupin, 2 Scam., 36.) The same point was decided in McConnel *v.* Swailes, 2 Scam., 571, in which the Court refer to its previous decisions in actions upon joint contracts, and regard the rule as applying equally in all joint actions, without regard to the character of the obligation.

For the purposes of this decision, citation of these cases may be considered as almost unnecessary. In the case of *ex parte* Rowlandson, 3 Peere Williams, 405, the rule is thus stated: "If A and B are bound in a bond jointly and severally to J S, he may elect to sue them jointly or severally; but if he sues them jointly, he cannot sue them severally, for the pendency of one suit may be pleaded in abatement of the other." See also the case of Trafton *v.* The United States, 3 Story C. C., 648, in which this case is cited with approbation.

The rule contended for, and established by the adjudications of the several Courts of the United States, that upon a joint and several obligation, a several judgment is no bar to a joint action against all the obligors, and *e converso*, does not relieve this case, which is, whether several judgments may be taken in a joint action. In Illinois, it has has repeatedly been held error to enter final judgment against a defaulting debtor, where a plea has been interposed, and the rule established that the damages should be assessed against such defendants upon the final hearing of the case. (See Russell *et al.* v. Hogan *et al.*, 1 Scam., 552; 3 Scam., 13; 4 Scam., 360 and 338.) This rule recommends itself to us as the safer practice, and as a proper exposition of the common law, in the absence of all the statutory provisions on the subject.

But it is contended that the statute of this State has altered the common law rule. In support of this position, sections 15, 32 and 146 are cited. Section 15 provides that persons severally liable on certain obligations, may all or any of them be included in the same action, which is in derogation of the old rule, that one or all, and not an intermediate number, should be sued. Section 32 provides for cases where all the defendants are not served with process, and supersedes the common law remedy of outlawry. Section 146 authorizes the Court to enter several judgments, where they are proper, which is not this case. The other sections of the statute on this subject simply relate to the cases mentioned in the sections already quoted, and do not alter or enlarge the rule.

It is urged, however, that this point has been decided by this Court, in the case of Rowe v. Chandler & Dennison, 1 Cal., 167. The point decided in that case was, that the distinction as it existed at common law, between mis-joinder and non-joinder, was taken away by our statute, and that the defendant could only avail himself of the error by demurrer. Such is still the law, but this decision does not go to the extent that where there is a proper joinder of parties, in a joint action, and their joint liability is shown, that separate judgments may be taken.

Upon other questions discussed in the able opinion of Mr. Justice Bennett, it may be proper to say, that some of his conclusions were induced by the statute, as it then stood, which has since been materially altered, and that the thirty-first section of the Practice Act of 1850 relied on, and quoted by him, which provided that when the action was against two or more defendants, all of whom had been served with process, "judgment might be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants, if the action had been against them or either of them alone," has been repealed.

If this section, or one of similar import, could be found on the statute book, there would be an end of the appellant's case; but in the absence of such a provision, we are compelled to fall back on what we believe to have been the rule at common law.

Judgment reversed.