[L. A. No. 4089. Department Two.—January 23, 1918.]

## CAROLINA J. DE KAHN, Respondent, v. IDA M. STEWART CHASE, Appellant.

SPECIFIC PERFORMANCE—EVIDENCE—UNCERTAINTY IN TERMS OF CONTRACT.—When all the evidence tending to establish a contract leaves the terms thereof in doubt, it cannot be specifically enforced.

ID.—APPEAL — EVIDENCE JUSTIFYING REVERSAL OF DECREE.—Where, on appeal from a judgment decreeing a specific performance, after giving full credit and weight to all evidence tending affirmatively to establish the agreement, and disregarding all conflicting evidence, it appears that the terms of the agreement are not clearly ascertainable, the judgment may be reversed.

ID.—EVIDENCE SUFFICIENT.—In an action for specific performance of an agreement by defendant to execute to plaintiff a lease for life of a house and lot, in consideration of a conveyance by the defendant of an adjoining lot, evidence found sufficient to sustain the findings for the plaintiff.

ID.—FINDINGS—CONFLICT OF EVIDENCE.—In such case where there was a conflict of evidence in relation to a claim by the defendant that her son was, as part of the agreement, to occupy a room in the house, a finding and judgment of the court against that claim could not be disturbed.

ID.—FINDING OUTSIDE ISSUES.—In such case where there was no issue in the pleadings on the subject of taxes and insurance, a judgment providing that, in addition to a lease for life without payment of rent, the plaintiff was not required to pay any taxes or insurance, was erroneous in that respect, and the judgment should therefore be modified by striking out that portion thereof.

APPEAL from a judgment of the Superior Court of Santa Barbara County. Samuel E. Crow, Judge.

The facts are stated in the opinion of the court.

Canfield & Starbuck, for Appellant.

Richards & Carrier, and George H. Gould, for Respondent.

WILBUR, J.—This is an action for specific performance to compel the execution by the defendant of a lease for a life term to the plaintiff upon a lot occupied by her as a residence from 1905 to 1913, in pursuance of a verbal agreement whereby plaintiff alleges that she conveyed an adjoining lot by deed to the defendant, in consideration of an agreement upon the part of the defendant to erect upon the before-mentioned lot a cottage and give to her a life estate thereon. The deeding of the lot by plaintiff to defendant, and the occupancy by plaintiff for eight years of the premises claimed by her are admitted. The lot in question was bounded by fences and hedges. The principal item of the contract in litigation is the length of plaintiff's term. On this subject she testifies: "Mrs. Chase said that she was going to build a little cottage for me for life, as long as I lived, and that I could have it for the exchange of the lot on Spring Street at that time. That was the agreement. She said that I would never have to pay rent in the little house as long as I lived, ever. I gave the deed before the house was built. I lived in the house till September 21, 1913. I paid no rent, but attended to the repairs of the house. I was to keep the house in repair at my own expense. We would always speak about the little house as mine. She always said I had it for life." The testimony

of the defendant and her witnesses as to the terms under which the plaintiff was allowed to occupy the house were in conflict with such testimony, and appellant insists that this court should review the finding of the trial court in the light of the rule, as she claims, that the plaintiff must have established her case by more than a preponderance of the evidence. The Civil Code provides that "An agreement, the terms of which are not sufficiently certain to make the precise act which is to be done clearly ascertainable, cannot be specifically enforced." (Civ. Code, sec. 3390, subd. 6.) No doubt, therefore, when all the evidence tending to establish such contract leaves the terms thereof in doubt, it cannot be specifically enforced, and where, on appeal, giving full credit and weight to all evidence affirmatively tending to establish such agreement, disregarding all conflicting evidence, it appears that the terms of such agreement are not clearly ascertainable, then the action of the trial court enforcing such uncertain agreement may be reversed. (See *Sheehan* v. *Sullivan,* 126 Cal. 189, 193, [58 Pac. 543]; *Wadleigh* v. *Phelps,* 149 Cal. 637, [87 Pac. 93].) The cases in this state relied upon by appellant are not in conflict with this rule. The case of *Hall* v. *Hall,* 174 Cal. 718, [164 Pac. 390], is cited to the effect that in some classes of civil cases a higher degree of proof than a preponderance must be shown, but an examination of the record discloses that the jury in that case had been instructed at the instance of both parties that a preponderance of the evidence was sufficient to establish plaintiff's case, and the propriety of that rule was not before this court. The question here was the sufficiency of the evidence to justify the finding of the jury. In the case of *Monsen* v. *Monsen,* 174 Cal. 97, [162 Pac. 90], the question was as to the definiteness and "clearness" of the evidence rather than its weight. In the case of *Wadleigh* v. *Phelps, supra,* the court was considering what character of evidence was sufficient to overcome the presumption that a deed is what it purports to be—an absolute conveyance—and establish it to be a mortgage, and although holding that such evidence must be "entirely plain and convincing," said, "This, however, does not mean that the evidence in the record on appeal must be entirely plain and convincing to the appellate court. . . . All questions as to preponderance and conflict of evidence are for the trial court."

It is enough for the purposes of this case to say that there is sufficient evidence, if believed by the trial court, to justify its finding as to the nature and terms of the contract.

Appellant contends that the judgment is erroneous for the reason that it appears that, as a portion of the agreement of exchange, it was arranged that defendant's son occupy a room in said cottage. That he did so for some years is undisputed, but that there was an agreement therefor at the time the parties entered into said contract of exchange is denied by plaintiff in her testimony, and for that reason the finding of the court on that subject cannot be disturbed.

Appellant offered evidence as to the amount of taxes paid by her on said property, but it was properly ruled out, as there was no issue thereon. The judgment provided "that plaintiff is not required to pay any rent for said premises *nor any taxes or insurance thereon.*" Appellant contends and respondent concedes that this is erroneous as to taxes and insurance, and should be modified by striking therefrom the words "nor any taxes or insurance thereon."

For the foregoing reasons it is ordered that the decree herein be modified by striking therefrom the words above quoted, *"nor any taxes or insurance thereon,"* and as so modified the judgment is affirmed.

Melvin, J., and Victor E. Shaw, J., *pro tem.,* concurred.

Hearing in Bank denied.