[Civ. No. 4342. Third Appellate District.—July 23, 1931.]

MARTHA J. LANE, Respondent, v. WALTER H. McALPINE, Defendant; WINNIE M. McALPINE, Appellant.

Warren Steele and Homer Lingenfelter for Appellant.

Rich & Weis for Respondent.

PRESTON, P. J.—Plaintiff Martha J. Lane brought this action against the defendants Walter H. McAlpine and Minnie M. McAlpine, his wife, to recover rental of a certain house used as a residence by said defendants in the city of Marysville.

The action was tried by the court without a jury and resulted in a judgment in favor of the plaintiff for $1,077 against both defendants. The judgment also provided that the separate property of the wife Minnie M. McAlpine was liable in satisfaction of said judgment. From this judgment Mrs. Minnie M. McAlpine alone appeals.

The court found that the plaintiff rented the house in question "to each and both of said defendants, at their special instance and request, . . . and each of them agreed to and with plaintiff to pay plaintiff the sum of $75.00 per month for the rental of said house . . . "

The court also found that the agreement to pay said rental was the personal contract of said appellant Minnie M. McAlpine as well as the personal contract of said defendant Walter H. McAlpine. The court further found that the money attached by plaintiff was money acquired by appellant Minnie M. McAlpine after her marriage "by devise or succession from the estate of her deceased mother".

The evidence as to who made the contract of hiring with plaintiff is conflicting. There is, however, substantial evidence in the record, which in and of itself will support the finding of the trial court. We must assume the court resolved the conflict in favor of plaintiff. Therefore, we will simply epitomize enough of the record to show that the findings have substantial support in the evidence given by plaintiff and her witnesses which the court accepted as the true version of the transaction between the parties.

Mrs. Lauritzen, a daughter of plaintiff, testified that Mr. McAlpine came to see her in Sacramento and inquired if her mother's house in Marysville was going to be vacant. Mrs. Lauritzen replied that the home was vacant and for rent. Thereupon McAlpine stated: "I will tell you, I will have to take it up with my wife because she is the one that is renting the house and she is the one that is going to be in the house most of the time. . . . You know she wears the pants in our house." To this Mrs. Lauritzen said: "It is

610

mother's house and she lives in Oakland, I think it would be best for mother to go over and see Mrs. McAlpine and talk with her, and I will write to my mother and tell her.''

Mrs. Lane, the plaintiff and mother of Mrs. Lauritzen, testified that she called upon Mrs. McAlpine who was at that time living in an apartment on Van Ness Avenue in San Francisco, and had a conversation with her about renting the Marysville house, in which Mrs. McAlpine said: ''She would rent the house and take good care of it. That the rent would be $75 per month payable in advance.'' Soon after this conversation Mr. and Mrs. McAlpine moved from San Francisco to Marysville and took possession of the home in question and remained there until the commencement of this action.

They both admit the rent was not paid and that the amount claimed by plaintiff is the correct amount due her.

Appellant contends that the court erred in subjecting her separate property in satisfaction of said judgment. In support of this contention learned counsel for appellant argue ''that the evidence merely shows an ordinary contract for a family necessary in which *there was no express agreement on the part of the wife to bind herself individually for the payment of the rent, nor any agreement on her part that her separate property acquired from the estate of her mother should be so bound''*.

The general rule is that upon the husband is imposed the duty to maintain his wife and children and where the wife living with her husband obtains on credit shelter or supplies needed in the conduct of this common domestic enterprise, she is his agent and incurs no personal liability.

There is, however, a well-recognized exception to this general rule and it is this: Where the proof is clear and convincing that the wife, although living with her husband, contracted the debt in her own behalf, or intended to bind her separate property for its payment, she will be held personally liable, even though the debt be for necessaries of life for herself and husband while living together. (*Chaffee* v· *Browne*, 109 Cal. 211 [41 Pac. 1028].)

Counsel also insists that the proof in the case at bar falls far short of being of that ''clear and convincing character'' necessary to show that Mrs. McAlpine agreed to pay the rent. The rule, however, is well settled that in

a case of this character, as in others, the question whether the proof is sufficiently strong and convincing is primarily addressed to the trial court, and this court must accept the determination of the trial court thereon as conclusive. (*Brison* v. *Brison*, 90 Cal. 334 [27 Pac. 186]; *Couts* v. *Winston*, 153 Cal. 688 [96 Pac. 357]; *Wadleigh* v. *Phelps*, 149 Cal. 637 [87 Pac. 93]; *Title Ins. & Trust Co.* v. *Ingersoll*, 158 Cal. 474 [111 Pac. 360, 364]; *Grass* v. *Rindge Co.*, 84 Cal. App. 750–771 [258 Pac. 673]; *Treadwell* v. *Nickel*, 194 Cal. 243 [228 Pac. 25]; *Steinberger* v. *Young*, 175 Cal. 81 [165 Pac. 432]; *DeKahn* v. *Chase*, 177 Cal. 281 [170 Pac. 608]; *Estate of Pepper*, 158 Cal. 619 [31 L. R. A. (N. S.) 1092, 112 Pac. 62].)

In *Title Ins. & Trust Co.* v. *Ingersoll, supra,* on this question the court said:

"The rule 'does not mean that the evidence in the record must be entirely plain and convincing to an appellate court. . . . It will not disturb the finding of the trial court . . . where there is substantial evidence warranting a clear and satisfactory conviction to that effect'. (*Wadleigh* v. *Phelps*, 149 Cal. 637 [87 Pac. 93].) We cannot here give a statement of all the evidence upon which the trial court gave its decision. It was doubtless based in part on the demeanor of the defendant as a witness on the trial. It is sufficient to say that we cannot say that the trial court disregarded this rule in making its findings."

Appellant apparently admits that the joint and several judgment rendered against herself and husband was proper, but contends said judgment should have been restricted in its application to conform to the limitations of section 171 of the Civil Code.

The difficulty of this position is that under the evidence the trial court has found that Mrs. McAlpine should be charged for the rent upon her own contract, irrespective of her husband's liability and irrespective of said section 171. (*Wisnom* v. *McCarthy*, 48 Cal. App. 697 [192 Pac. 337]; *Ackley* v. *Maggi*, 86 Cal. App. 631 [261 Pac. 311].)

Under section 158 of the Civil Code Mrs. McAlpine had power to contract to pay the rent of the house in question, whether it be considered a necessary or not and the court having found upon conflicting evidence that she did agree to rent the house and pay the rent therefor. Such finding

is conclusive on appeal. Therefore, by these findings the case at bar is removed from the limitations prescribed in section 171 of the Civil Code, as construed in the case of *Evans* v. *Noonan*, 20 Cal. App. 288 [128 Pac. 794].

As above stated, the court found that the defendants and each of them agreed to pay the rent. Therefore, there is no merit in the contention of appellant that there is no finding that "she expressly agreed to pay the rent". Under the finding the obligation is made several as well as joint and under a joint and several obligation each of the obligees is individually liable. Plaintiff might have sued only Mrs. McAlpine. This has long been the rule in California. (*Stearns* v. *Aguirre*, 6 Cal. 176; *Calahan* v. *Danziger*, 32 Cal. App. 405 [163 Pac. 65]; *Wisnom* v. *McCarthy*, *supra;* sec· 414, Code Civ. Proc.)

We think the judgment should be affirmed and it is so ordered.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 21, 1931.

Seawell, J., and Shenk, J., dissented.