[Civ. No. 7249. Third Dist. Sept. 23, 1946.]

JAMES A. GUNN, JR., Petitioner, v. THE SUPERIOR COURT OF LAKE COUNTY et al., Respondents.

James A. Gunn, Jr., in pro. per., for Petitioner.

Charles Kasch for Respondents.

ADAMS, P. J.—On or about May 18, 1946, this court issued a writ of mandate directing the Superior Court of Lake County to set aside an order made by it dimissing an appeal by petitioner James A. Gunn, Jr., from a judgment of a justice's court, and to proceed with the trial and determination of the action on appeal.

On August 2, 1946, said James A. Gunn, Jr., filed in this court what he has designated as a notice of motion in which he asks this court to take such action and make such orders, in accordance with section 1097 of the Code of Civil Procedure, as may seem necessary and proper, against the Superior Court of Lake County, and Judge Ben R. Ragain, presiding as judge pro tem. in said court. Said notice of motion recites that a "purported" hearing of his appeal was had in said superior court before Judge Ragain, but that it "was not a hearing at all, but a mere pretended obedience to the peremptory Writ of Mandate" issued by this court, and was "essentially a disobedience of said Writ." The grounds of the motion as stated are that appellant was not allowed to read to the trial court an excerpt from a particular decision, or to make his argument, but was told that he did not understand the matter; that he was "shut off" and "summarily dismissed" and ruled against. Said notice of motion was accompanied by an affidavit of the movant in which he alleges in greater detail that he was not permitted to read to the court from the decision in the case upon which he relied. Also in said affidavit, in effect, he argues the merits of his appeal from the judgment of the justice's court, and asks this court to make an order setting aside Judge Ragain's decision affirming said judgment, and to order a new hearing of the appeal in "complete obedience" to its prior writ, and to direct the superior court as to what the law is in the case and what the decision should be.

In response to the aforesaid motion Judge Ragain filed in this court his affidavit in which he alleges that the case appealed from the justice's court, entitled *James A. Gunn, Jr.,* v. *Rosetta M. Gunn,* came on regularly for hearing before him; that a question of law only was presented on said appeal, the court below having sustained a demurrer to plaintiff's complaint without leave to amend; that plaintiff was allowed ample time—approximately an hour—for presentation of his argument, after which the court concluded that the order of the lower court sustaining the demurrer should be affirmed,

and so ordered. Petitioner filed a reply affidavit in which he denies that he was given sufficient time to present his case before the superior court, and again argues the merits of the case before it.

As above stated, Mr. Gunn bases his motion upon section 1097 of the Code of Civil Procedure, which provides:

"When a peremptory mandate has been issued and directed to any inferior tribunal, corporation, board, or person, if it appear to the court that any member of such tribunal, corporation, or board, or such person upon whom the writ has been personally served, has, without just excuse, refused or neglected to obey the same, the court may, upon motion, impose a fine not exceeding one thousand dollars. In case of persistence in a refusal of obedience, the court may order the party to be imprisoned until the writ is obeyed, and may make any orders necessary and proper for the complete enforcement of the writ."

Passing, without deciding, the question of the propriety of this motion for the purposes for which it was made, upon the conflicting affidavits filed we cannot say that the superior court to which our prior writ of mandate was directed has refused or neglected to obey the same. On the contrary, it appears from the affidavits, and from the minutes of the superior court which were introduced in this proceeding, that the respondent superior court did hear the appeal in conformity with the mandate of this court; and we also conclude therefrom that appellant's efforts to present his case at said hearing were not unduly curtailed or hampered.

The determination of the manner in which a trial or hearing in a court is to be carried on lies within the province of the court before which such proceeding is pending; and it is not for an appellate court to say that it should have proceeded in one way or another as long as no statutory or constitutional rights of the parties were infringed. And how much time parties may be allowed for argument in a trial before a court sitting without a jury, or whether they are to be allowed any at all, are matters within the discretion of the court before whom the hearing is had. (See *Larson* v. *Blue & White Cab Co.*, 24 Cal.App.2d 576 [75 P.2d 612], and cases cited at page 578; *Hallinan* v. *Superior Court*, 74 Cal.App. 420, 426 [240 P. 788].)

Furthermore, section 1097, *supra*, furnishes no ground

for a review by this court of the merits of the case before the lower court, nor can it serve as a writ of error or appeal from the judgment of that court. In *Roberts* v. *Police Court,* 185 Cal. 65, 67 [195 P. 1053], where it was sought to have an appellate court review the decision of a superior court in a case in which an appeal had been taken to said superior court from a decision in the police court, the Supreme Court said, page 67, that it is "thoroughly settled that the judgment of a police court or justice's court will not be reviewed on certiorari, after appeal taken therefrom and determination of such appeal in the superior court," there being no lack of jurisdiction of that court or excess thereof.

In *Moyer* v. *Superior Court,* 29 Cal.App.2d 330 [84 P.2d 240], it was sought to review by certiorari the decision of the superior court in a case appealed to it from a police court. The court said, page 333:

"The respondent court having acted within its jurisdiction in deciding the appeal thus taken by this petitioner, this writ will not lie. The petitioner is, in effect, attempting to obtain the benefit of two appeals when the same is not provided for by law. (*Olcese* v. *Justice's Court,* 156 Cal. 82 [103 P. 317]; *De Matei* v. *Superior Court,* 74 Cal.App. 147 [239 P. 853]; *Erickson* v. *Municipal Court,* 219 Cal. 737 [29 P.2d 192].)" The court then quoted from *Armantage* v. *Superior Court,* 1 Cal.App. 130 [81 P. 1033], in which it was sought to review by certiorari a judgment of a superior court in a case appealed thereto from a judgment of a justice's court. The court there said, page 133:

"The fact is, the petitioner here, having no appeal from the decision of the superior court, is endeavoring to substitute *certiorari* for an appeal, and thereby have reviewed the objections made and the exceptions taken in the superior court that he is prohibited from having reviewed upon appeal. This he may not do. It has been held in every late case in our supreme court, where the question has been squarely raised, that *certiorari* goes only to the jurisdiction or power of the court to act, and can never be substituted for an appeal to review the mere errors of a judicial tribunal. (*Borchard* v. *Supervisors,* 144 Cal. 10 [77 P. 708]; *Valentine* v. *Police Court,* 141 Cal. 615 [75 P. 336]; *Wittman* v. *Police Court,* 145 Cal. 474 [78 P. 1052]; Code Civ. Proc., § 1068.)"

The same may be said of the movant's attempt to secure on

this motion a review of what he contends were errors of the superior court, and thus obtain the benefit of two appeals when same are not provided for by law.

The motion is denied.

Thompson, J., and Peek, J., concurred.

A petition for a rehearing was denied October 18, 1946.