[Civ. No. 18337.   Second Dist., Div. Three.   Nov. 7, 1951.]

JAY RAICH, Respondent, v. WILL SCHWARTZ et al., Appellants.

Charles L. Nichols, William R. Law and Ivan Miller for Appellants.

Desser, Rau, Christensen & Hoffman for Respondent.

SHINN, P. J.—Plaintiff sued defendants Will Schwartz and Bess Schwartz, husband and wife, for money loaned, and recovered judgment of $5,000. Defendants, through separate counsel, appeal.

The admitted facts are that plaintiff drew a check for $5,000 in favor of Will Schwartz who endorsed the check and deposited it to the credit of Polycraft Corporation. Shortly thereafter, Mr. Schwartz handed plaintiff a promissory note of the corporation for $5,000 payable two years after date. This note was not due at the time the present action was commenced. After plaintiff had agreed to loan the money, he gave Schwartz his check for $75 and received 1½ shares of stock of the corporation. The check was endorsed "Will Schwartz and B. R. Schwartz." No part of the loan has been paid.

The court found that the loan was made to both defendants and not to the corporation. Defendant husband claims it was established by the evidence, without substantial conflict, that the loan was made to the corporation. This contention is not supported by the record. Plaintiff testified he had never heard the name "Polycraft Corporation" before he made the

loan, and that he would not have made the loan to any corporation; that when Schwartz handed him the note of the corporation he objected to receiving it, stated that he had made a loan to defendants personally, and demanded a note signed by Schwartz and his wife; that Schwartz stated the corporation note was given as additional security and promised to give plaintiff a personal note of himself and wife, which he failed to do. There was other testimony to the effect that a loan to the corporation was never discussed by the parties. The finding that the loan was not made to the corporation has firm support in the evidence.

■ On behalf of Mrs. Schwartz it is contended that if the loan was not made to the corporation it was made solely to her husband. The court found expressly that it was made to the husband and the wife. There was ample evidence to support this finding.

A brief résumé of the testimony on this point will suffice. Plaintiff's wife and Bess Schwartz are cousins. Defendants have been married 32 years. Bess Schwartz, in speaking with Mrs. Raich, stated that they "were going into business and needed some money," and Mrs. Schwartz requested a loan from plaintiff. Mrs. Schwartz stated to plaintiff a number of times that she would see that the money was paid as soon as possible. Mr. Schwartz owned the controlling stock in Polycraft Corporation which had just been incorporated, and he and Mrs. Schwartz were officers. They were engaging in business through the corporation which presumably was a venture in which Mrs. Schwartz would have a community interest. From the evidence as to the relationship of the parties, the activity of Mrs. Schwartz and her assurances that the money would be repaid, as well as the other circumstances surrounding the transaction, it was reasonable to infer that the credit of Mrs. Schwartz was an inducement and a factor in the making of the loan, and that the defendants, as well as plaintiff, understood that the money was being borrowed by the defendants jointly. The court accepted the version of the transaction given by plaintiff and his wife and rejected that of the defendants.

■ It is argued that plaintiff's testimony was inconsistent with his conduct, and in some respects inherently improbable, if not incredible. This is but to say that the credibility of the witnesses and the weight of their testimony should be reexamined on appeal, which, of course, may not be done.

Mrs. Schwartz was as free to incur a joint obligation with her husband as with any other person. Whether she did so was purely a question of fact, the determination of which by the trial court is conclusive on appeal. (Civ. Code, § 158; *Lane* v. *McAlpine,* 115 Cal.App. 607 [2 P.2d 184].)

The judgment is affirmed.

Wood (Parker), J., concurred.

· Vallée, J., did not participate.