[Civ. No. 19498.  Second Dist., Div. Two.  Nov. 16, 1953.]

CLAUDE ELEY, Appellant, v. F. STUART CURZON
et al., Respondents.

Irving Sulmeyer for Appellant.

Kaetzel & Kaetzel, Clarence A. Rogers, Marion A. Smith and Robert L. Trapp for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action to recover damages for personal injuries resulting to plaintiff from allegedly having been struck by defendants' automobiles, plaintiff appeals. There is also a purported appeal from the order denying plaintiff's motion for a new trial.

Viewing the evidence as we must in the light most favorable to defendants (respondents) the record discloses that on October 6, 1950, an extensive brush and timber fire developed on property adjoining Highway 101 about a mile or mile and one half north of Nipomo in San Luis Obispo County. This fire started about 7:30 or 8 o'clock in the evening, its origin being some three miles east of the highway. It proceeded in a westerly direction, blown by a wind 45 to 60 miles per hour, until the dense smoke completely enveloped a stretch of the highway in excess of one half mile in length. At about 9 p. m., and for a period of several hours thereafter, the smoke blowing across the highway in that location was very heavy and dense.

Testimony was given by Clyde H. Cint that about 9 p. m. he commenced attempting to stop traffic proceeding north on the highway. Sometime after he established himself at the south end of the smoke area, a man came out of the fire and asked him to call an ambulance, stating, "There's a badly injured man in the fire." Mr. Cint ran into the smoke area and after a search found plaintiff, badly injured. Plaintiff was off the highway and was lying with his head close to a fence which ran along the easterly side of the right of way. Mr. Cint saw that plaintiff was conscious and asked him what had happened. He received this answer, "A truck ran over me, and the truck driver took me by the shoulders and pulled me up to the fence and then ran off and left me." At this time plaintiff was badly injured although he was rational and quite clear in what he said.

On the evening of October 7, 1950, Officer Robert Danneberg, during a visit to plaintiff's hospital room, asked plaintiff what happened. His testimony of the conversation was, "He said he had helped some woman get her car started and he was in the process of getting back to his car. . . . He said he

didn't know exactly what hit him. . . . He thought it was a car.''

At least two other accidents occurred in the general section of the highway covered with smoke. In one of these accidents, defendant F. Stuart Curzon collided with an object in the smoke. He did not know what the object was but believed it to be a truck. In the other accident the cars of defendants E. S. Johnson and Harold F. Ashley collided on the highway in the smoke area.

February 13, 1951, plaintiff filed a verified complaint in the present action which contained separate causes of action against each of the defendants. In each cause of action it was stated, ''That the plaintiff is in doubt as to whether he is entitled to redress from the defendant F. Stuart Curzon or the defendant E. S. Johnson, or the defendant Harold F. Ashley, or the defendant Doe One.''

At the time of the trial plaintiff testified that he had backed his car off and alongside of the highway; he had been struck by defendant Curzon driving at about 50 miles per hour, and thereafter was struck successively by the cars of the other two defendants.

On cross-examination he stated he had read the highway reports concerning the various accidents, that he was told of the presence of certain skid marks on the pavement, that there was much of ''presumption and conjecture'' in his testimony. That this is true is borne out by the statement in plaintiff's brief as follows: ''Counsel for plaintiff, . . . cannot say for sure from looking at the cold record of this case, just how much of plaintiff's testimony is actually first-hand observation at the immediate time of the accident, and *how much is after-acquired* recollection based upon reports given to plaintiff after the accident.'' (Emphasis ours.)

*Questions:* First: *Was there substantial evidence to sustain these findings of the trial court?*

(a) ''That it is not true that the injuries or damages sustained by the plaintiff were due to any carelessness, negligence or recklessness of the defendants or either or any of them.''

(b) ''That it is true that on October 6, 1950, the plaintiff herein stopped his Ford automobile on Highway 101, headed in a northerly direction approximately two miles north of the town of Nipomo, in the County of San Luis Obispo, State of California. That it is not true that plaintiff stopped his Ford automobile to the right of the paved portion of Highway

101, nor is it true that at said time and place plaintiff was standing near the rear of his automobile.''

*Yes.* ■ (a) Plaintiff's own statement to Mr. Cint that he was struck by a truck and that the driver pulled him off the highway and left him by a fence, and the testimony of Officer Danneberg that plaintiff told him he had been helping some woman get her car started, and was in the process of getting back to his own car, and did not know what hit him, constituted substantial evidence to sustain the first questioned finding.

Likewise, defendants Ashley and Johnson denied that their cars had struck plaintiff, while defendant Curzon testified that he did not run off the highway to his right nor did he see plaintiff or hear any cries of distress. The foregoing testimony clearly sustains the first questioned finding.

■ (b) This finding was sustained by plaintiff's statement to Mr. Cint that he had been struck by a truck and that the truck driver had pulled him off the highway to the location where he was. found. Also there was the testimony of Officer Danneberg that he made an examination of the ground immediately adjoining the area and adjoining the highway on the dirt shoulder and found no gouge marks or skid marks of any nature whatsoever.

■ It would serve no useful purpose to set forth conflicting testimony since an appellate court is bound by the findings of fact, supported by substantial evidence, of the trier of fact. (*Williams* v. *General Ins. Co.,* 8 Cal.2d 1, 4 [1] [63 P.2d 289]; *Raich* v. *Schwartz,* 107 Cal.App.2d 364, 366 [3] [237 P.2d 68].)

■ It is likewise settled that the burden of proof was upon the plaintiff to prove each affirmative allegation of his complaint. Section 1981 of the Code of Civil Procedure provides: ''The party holding the affirmative of the issue must produce the evidence to prove it; therefore, the burden of proof lies on the party who would be defeated if no evidence were given on either side.''

■ In an action for damages the burden of proof does not shift but remains with the plaintiff having the affirmative of the issue. (*Valente* v. *Sierra Ry. Co.,* 151 Cal. 534, 539 [91 P. 481].)

*Summers* v. *Tice,* 33 Cal.2d 80 [199 P.2d 1, 5 A.L.R.2d 91], is not here in point. In such case the evidence disclosed that plaintiff was injured by a shot which was identified as being the same size and character used by each of the

two defendants. The evidence showed that both defendants had shot at a quail and in so doing shot towards plaintiff. Consequently, in that case it was held as a necessary conclusion that the shot came from the gun of one of the two defendants; that one of the defendants had hit him.

In the present case there is evidence to sustain the trial court's findings that none of the defendants struck plaintiff. Therefore *Summers* v. *Tice, supra,* is of no assistance in solving the present appeal.

There is likewise no merit in plaintiff's contention that the findings are inconsistent with the trial court's statement in its memorandum opinion on denial of the motion for a new trial that, "What really happened on that unfortunate night is largely veiled in smoke and I cannot honestly say who, if anyone, was at fault." ██ An opinion of the judge of the trial court may be used by the appellate court in ascertaining the process by which a judgment has been reached, but it will not be considered in determining whether the findings of the court are supported by the evidence. (*Stone* v. *Los Angeles County Flood Control Dist.,* 81 Cal.App.2d 902, 907 [6] [185 P.2d 396].)

In view of the fact that the foregoing findings are sustained by the evidence it is unnecessary for us to consider whether other findings questioned by plaintiff find substantial support in the record.

██ Second: *Did the trial court commit prejudicial error in taking the case under submission, requesting briefs and not deciding it for approximately four months after the date of the trial?*

*No.* The trial was concluded on November 23, 1951, and submitted on briefs. Plaintiff's opening brief was filed December 28, 1951; defendant Johnson's, April 4, 1952; and plaintiff's reply brief was filed on May 9, 1952. The case was submitted and decided on June 2, 1952. It thus appears that of the six months which elapsed between the closing of evidence and the decision of the case, plaintiff took two months to file his respective briefs, and defendants took three months to file their briefs. After the filing of all briefs the court took approximately one month before rendering its decision. No prejudice has been shown by plaintiff in this delay in the decision of the case, it being in the province of the trial court to determine how much time there should be allowed for argument and whether briefs should be filed. The determination of the trial court in the absence of a showing of

prejudice will not be disturbed on appeal. (*Gunn* v. *Superior Court,* 76 Cal.App.2d 203, 205 [1] [173 P.2d 328].)

The correct rule is stated in *Berry* v. *Chaplin,* 74 Cal.App.2d 669, 672 et seq. [169 P.2d 453]: "The burden is on the party complaining of the order to establish.an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice an appellate court will not substitute its opinion and thereby divest the trial court of its discretionary power." Clearly in the instant case there has been no showing of an abuse of discretion.

Third: *Did the trial court commit prejudicial error in denying plaintiff's motion for a new trial?*

*No.* Plaintiff upon his motion for a new trial presented evidence which was either contradictory testimony to that produced by defendants at the trial or merely cumulative evidence of that produced by plaintiff. The rule is settled that where such evidence is presented on a motion for a new trial, the trial judge's determination will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. (*Pandolfo* v. *Jackson,* 12 Cal.App.2d 232, 236 [4] [55 P.2d 550].)

It is likewise settled that a new trial will not be granted on such a motion unless the trial judge is of the opinion that upon retrial a different judgment will result. (*Bliss* v. *Security-First Nat. Bank,* 81 Cal.App.2d 50, 59 [11] [183 P.2d 312].) In the instant case the trial judge was of the opinion that upon a retrial there would not be a different result even though the allegedly newly discovered evidence were considered. The record fails to show any abuse of discretion. We are therefore bound by his determination.

An order denying a motion for a new trial is nonappealable. (*Caldwell* v. *Caldwell,* 80 Cal.App.2d 378, 384 [4] [182 P.2d 258]; *Marr* v. *Southern Calif. Gas Co.;* 194 Cal. 332, 335 [3] [228 P. 534].) The purported appeal from the order denying the motion for a new trial is dismissed.

The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied December 7, 1953, and appellant's petition for a hearing by the Supreme Court was denied January 13, 1954.