[Civ. No. 9673.   Third Dist.   Feb. 2, 1960.]

SOHON SINGH, Appellant, v. EMMETT FRYE, Respondent.

Manwell & Manwell and Arthur W. Coats, Jr., for Appellant.

Rich, Fuidge & Dawson for Respondent.

PEEK, J.—Plaintiff appeals from a judgment entered pursuant to a jury verdict in favor of defendant and from the order of the trial court denying his motion for a new trial. The action was brought to recover for damage to plaintiff's

peach orchard alleged to have resulted from seepage of water used by defendant in the irrigation of rice.

On appeal plaintiff contends (1) that the evidence does not support the verdict; (2) that the court committed certain errors of law; and (3) that the court erred in denying his motion for a new trial.

We find no merit in plaintiff's first contention. The record, when viewed as it must be in the light most favorable to defendant-respondent, shows that the orchard was marginal so far as peach culture was concerned, in that it was the most westerly of all orchards in the Sutter County peach belt; that except for the northeast corner the soil was easily compactible clay adobe and not recommended for peach growing; and that the adobe was underlain with hardpan resulting in poor drainage. In nine of the 15 years from 1943 to the trial date, rice had been planted on defendant's land without complaint. However 1957 was the first year when rice had been planted along the entire length of plaintiff's northerly boundary. Admittedly the disastrous flood of 1955-1956 covered the orchard with water to a depth of four to five feet; that it remained for approximately two weeks; and that immediately following the drainage of the flood waters heavy rains caused the orchard to look like a "lake." Altogether the orchard was covered with water for approximately six weeks, and following the flood it steadily deteriorated. Additional expert testimony revealed that even for some time prior to the flood the orchard was slowly dying. Various witnesses testified that numerous trees were dead or dying prior to 1957; in fact an expert from the University of California testified that the orchard had been used for test plots from 1947 to 1956 for lime-induced chlorosis, but that in July of 1956 it was decided to abandon the test plots because the orchard was in such poor condition it could not survive, and hence no further tests could be made on it. There was further testimony that the orchard also suffered from other diseases including collar or crown rot, which was directly attributable to surface water and not from seepage which was the primary cause of sour sap. Furthermore most of the orchard was quite old. Some witnesses stated it to be approximately 20, others at least 30 years old, the life span of a peach tree being 25 to 30 years. It is readily apparent that such evidence was amply sufficient to sustain the verdict of the jury and its implied finding that the damage claimed by plaintiff was not the result of seepage but was the result of the flood of 1955 and the other adverse conditions.

But, says the plaintiff, defendant's experts stated it was possible that some of the damage could have resulted from seepage or that the damage was a combination of all the factors mentioned, and hence it was incumbent upon the jury to apportion such damages. ▮ The burden was on plaintiff to show that the conduct of defendant was a "substantial factor" in bringing about the damage to the orchard. (Restatement of Torts, § 431.) It is not enough merely to show that the probabilities were evenly divided. The evidence must be such that it could be found the balance of probabilities was in plaintiff's favor. (Prosser, *"Proximate Cause in California,"* 38 Cal.L.Rev. 369, 378-379.) ▮ Here there was ample evidence that the orchard was on poor marginal land; that it had reached or passed its prime; that it had been infested with disease for years; that the flood had caused collar rot; and that the seepage of rice water, if a factor, was only incidental. Under such circumstances the proximate cause was for the jury to determine, and since there was substantial evidence to support its conclusion in this regard, this court may not interfere. (*Hayden* v. *Hatch*, 134 Cal.App.2d 765 [286 P.2d 541].)

▮ Plaintiff further complains that the court erred in admitting and rejecting certain expert testimony. Even assuming the questions propounded by plaintiff's counsel should have been allowed, nevertheless the error in excluding the same would appear to be harmless since in the first instance virtually identical questions were asked of the same witness shortly thereafter, and the witness was allowed to testify; and secondly, the witness was allowed to answer substantially the same question originally asked. Under such circumstances the error would be harmless. (*Kline* v. *Santa Barbara Consolidated Ry. Co.*, 150 Cal. 741 [90 P. 125] ; 19 Cal.Jur.2d, Evidence, § 300, p. 28.) Such conclusion is equally applicable to the other contentions made by plaintiff in this regard.

▮ It is finally contended by plaintiff that the trial court abused its discretion in not granting him a new trial on the ground of newly discovered evidence. Here the plaintiff had ample opportunity to consult with experts in plant pathology before trial. However he chose to prove his case through witnesses whose knowledge was derived primarily from practical experience with orchards in that area. Defendant, on the other hand, based his case primarily upon the testimony of experts in this field. In support of his motion plaintiff argues that he could not have anticipated the scien-

tific testimony introduced by defendant since "it was contrary to the fact"; that the only way that such testimony could be refuted was by someone whose "qualifications were equal to or superior to those" of defendant's witnesses, and that accordingly he then sought the advice of the staff at the University of California at Davis who referred him to one who might help him. An affidavit of such witness' proposed testimony was attached. ■■■ It is well established that one who would seek a new trial on the ground of newly discovered evidence must show that he could not, with reasonable diligence, have discovered or produced such evidence at the trial. (Code Civ. Proc., § 657, subd. 4.) ■■■ Whether or not a reasonable effort was made to discover such evidence is a question peculiarly addressed to the discretion of the trial court. (36 Cal.Jur.2d, New Trial, § 80, pages 246-247; *Langdon* v. *Langdon,* 47 Cal.App.2d 28, 33 [117 P.2d 371].) The court's determination of such question will not be disturbed in the absence of a clear showing of an abuse of discretion. (*Eley* v. *Curzon,* 121 Cal.App.2d 280, 286 [263 P.2d 86].)

■■■ In view of the record before us we cannot say that the court erred in concluding that plaintiff did not exercise reasonable diligence. In any event the affidavit of his proposed witness would have done little more than add to the conflict which already existed in the record.

The judgment and order are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.