## COTHRAN *vs.* LEE.

1. The husband is liable for necessary medical attendance on his wife, although the physician was called in against his objection, by his grown son, who lived with him, and who promised him to assume the payment; it being shown that the husband was present while the physician was rendering his services, and that the latter had no notice whatever that he was not to look to the husband for payment.

ERROR to the Circuit Court of Cherokee.
Tried before the Hon. THOMAS A. WALKER.

ASSUMPSIT by Lee against Cothran for medical services rendered defendant's wife. The facts of the case appear in the opinion.

J. J. WOODWARD, for plaintiff in error.
MORGAN & WALKER, *contra.*

PHELAN, J.—In this case the proof shows, that a son of Cothran, of full age, who lived with his father, at the request of his mother, who was sick, but against the objection of his father, called in Lee, the defendant in error, who was a practicing physician, to attend on his mother. The father, when the son spoke of calling in Dr. Lee, told him, if he did so, he must do it on his own responsibility, to which the son assented. The doctor was called in by the son, to attend on his mother. The father was present generally during his attendance upon his wife, and did not give any notice that the son had called him in on his own responsibility, or that he should object to paying him for his services to his wife ; neither did the son ever give notice that he had called the doctor in on his own responsibility.—There was no controversy in regard to the value of the services. The only question raised was, whether, under the foregoing state of facts, the husband was responsible for the medical attention bestowed upon his wife. The court below charged that he was, and this is assigned for error.

The husband is responsible for necessaries, suitable to her

degree and condition, which are furnished to his wife. He may restrict her from making purchases of certain persons, if he gives notice, and makes suitable provision elsewhere. Medical attendance on the wife in sickness is a necessary.

If the elder Cothran was not willing to have the services of Dr. Lee as physician to his wife, he was bound to give notice to that effect. It seems that he objected to his son, and the son, at the instance of the mother, called in this physician on his own account; but the physician knew nothing of these things. He rendered his services in the presence of the husband, and heard no objection; this gave him the right to infer that he had been called in by the approbation of the head of the family— the husband and father. Had it been intimated to him that he must look to the son for his pay, he might not have been willing to have rendered the services on such a condition. If a wife, in company with her husband and a grown up son, should go into a store, and make purchases for herself, suitable to her degree and condition, no one would ever expect the merchant to charge the goods to any one but her husband; and in such a case, the husband would unquestionably be liable, even if the son had agreed, before they went in, that he would pay for the goods, if no intimation of this was given to the merchant at the time. This case is not distinguishable, in principle, from the case just put. In both cases, the law makes the silence of the husband equivalent to an acknowledgment of his liability for the goods sold and the services rendered to the wife.

Let the judgment be affirmed.