[Civ. No. 962. Third Appellate District.—November 2, 1912.]

## C. W. EVANS, Appellant, v. M. H. NOONAN and HELEN E. NOONAN, Respondents.

HUSBAND AND WIFE—MEDICAL SERVICES FOR MINOR CHILDREN—NECESSARIES OF LIFE.—In determining the question whether a husband and wife, living together, are liable for medical services furnished for their minor children at the request of the husband, the inquiry should be whether such medical services are included in the common necessaries of life, which it is legally obligatory upon parents to provide for their minor children, which include, besides food, clothing, and shelter, such medical attentions in cases of illness as are requisite to relieve physical suffering and pain, and to overcome or conquer disease.

ID.—REQUEST OF HUSBAND FOR MEDICAL SERVICES FOR CHILDREN—HUSBAND AND WIFE LIVING TOGETHER—LIABILITY OF WIFE'S SEPARATE PROPERTY.—Where the medical services furnished for the minor children, as necessaries of life, were supplied at the request of the

husband, while the husband and wife were living together, the separate property of the wife, acquired after marriage, otherwise than by devise or succession, is liable for the medical services so supplied under the terms of section 171 of the Civil Code as amended in 1905.

ID.—PARTIES—JOINDER OF HUSBAND AND WIFE.—In order to bind the separate property of the wife to the extent of her statutory liability, as fixed by section 171 of the Civil Code, so that it may be taken for that purpose by a judgment obtained in an action instituted against the husband to recover for necessaries contracted for solely by him, it is necessary to make her a party to such action. The joinder of the wife with the husband is authorized by sections 382 and 383 of the Code of Civil Procedure.

ID.—GENERAL RULE AS TO PARTIES.—A person or his property should, under no circumstances, be bound by a judgment in an action to which he has not been made a party, and in which therefore he has not been accorded an opportunity to show that neither he nor his property should be so bound.

ID.—MEASURE OF WIFE'S LIABILITY AS A PARTY.—The wife's liability when joined as a party with her husband, is measured by the statute, and would necessarily be so measured and fixed by the judgment; and the suggestion that when the action is to recover a judgment for necessaries, and a judgment is against her, her separate property, which is by section 171 of the Code of Civil Procedure exempt from execution, might be subjected to the satisfaction thereof, is without merit.

ID.—SUFFICIENCY OF COMPLAINT BY PHYSICIAN—"NECESSARIES"—LEGAL CONCLUSION.—Where the complaint alleges that the plaintiff is a physician and surgeon by profession, and that the amount sued for against the husband and the wife's separate property, is due for services rendered by him for the defendants in his capacity of physician and surgeon, it states a sufficient cause of action, though it does not allege specially that the services rendered were for "necessaries." Since medical services are legally included among the necessaries of life, the mere statement that they were "necessaries" would involve a legal conclusion and add nothing to the force of the averments made.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial. L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

E. R. Jones, for Appellant.

J. B. Jennings, for Respondents.

HART, J.—The complaint alleges that the plaintiff is a regularly licensed physician and surgeon and, at the times mentioned in the complaint, was engaged in the practice of his profession in the county of Stanislaus.

The defendants are husband and wife, and the complaint avers that they "are indebted to the plaintiff in the sum of four hundred and ninety-three dollars, the said sum being a balance due plaintiff on an open book account for services rendered by plaintiff to defendants, at their special instance and request, in the capacity of physician and surgeon within the four years immediately preceding the commencement of this action." Judgment is asked for said amount.

The defendants filed separate answers, each denying specifically the allegations of the complaint. In addition thereto, the defendant, Helen E. Noonan, denies that she at any time ever employed the plaintiff in the capacity of a physician or surgeon or requested him to perform any of the services referred to in the complaint or agreed or promised to pay said plaintiff for any of the services mentioned in the complaint. The defendant, M. H. Noonan, as a special defense, alleges that "within the last four years he has paid the plaintiff on account of such services the sum of two hundred and eighteen dollars, which he alleges upon information and belief is the full value of all the said services so rendered by the plaintiff for the defendant within said time."

The action was tried by a jury and they found in favor of the defendant, Helen E. Noonan, exonerating her from any liability under the contract upon which the action is founded, and against her husband and codefendant in the sum of $229.55. Judgment was entered accordingly.

This appeal is by the plaintiff from the judgment "made and entered . . . in favor of defendant, Helen E. Noonan, and against said plaintiff . . . and also from the order denying the plaintiff's motion for a new trial."

It was stipulated by the attorneys of the respective parties "that the following facts were proved on the trial of this action and that they might be considered as true for the purpose of a motion for a new trial:

"1. That at all the times mentioned in said complaint, defendants, M. H. Noonan and Helen E. Noonan, were husband and wife and were living together as such.

"2. That the medical attendance mentioned in said complaint was furnished to the minor children of said defendants.

"3. That said medical attendance was necessary.

"4. That all of said medical attendance was furnished by plaintiff at the special instance and request of defendant, M. H. Noonan, the husband of said Helen E. Noonan and the father of said minor children.

"5. That said Helen E. Noonan did not request plaintiff to render any of said services, and made no promise or agreement to pay for same."

Two questions are submitted for decision by this appeal, viz.: 1. Are medical services counted among the necessaries of life? 2. If so, is the wife equally liable with the husband, under the terms of section 171 of the Civil Code, as said section was amended by the legislature of 1905, [Stats. 1905, p. 206], for the payment for such services when the same are rendered to and for their minor children at the request of her husband only?

The theory upon which the court below submitted the cause to the jury is that, not having expressly contracted for the services mentioned in the complaint or agreed with or promised the plaintiff to pay for the same, the defendant, Helen E. Noonan, is not legally liable for the payment of a debt contracted for such services so that such of her separate estate as may be subjected under said section to the satisfaction of such a debt may be taken therefor. The court instructed the jury in accordance with this theory, and rejected instructions requested by the plaintiff framed in conformity with his construction of the scope and meaning of section 171 of the Civil Code, as follows:

"The court instructs you that in case you find from the evidence that the plaintiff at the request of either Mr. or Mrs. Noonan, furnished and performed medical services and attendance to and for one of their minor children it is the same as though the medical attendance was furnished to defendants themselves, for both parents are responsible for the care of their minor children, and necessaries of life furnished to a child is deemed to have been furnished to the parents.

"While, ordinarily, a wife is not responsible for any debt of her husband, the law makes an exception in the case of necessaries of life furnished to either or both of them while they are living together as husband and wife.

"You are instructed that medical attendance, when furnished to a wife, husband or minor child, is deemed by law to be necessaries of life.

"Therefore, if you find from the evidence that at the time set forth in plaintiff's complaint the plaintiff furnished medical attendance to defendants, or either of them, or at their request to any of their minor children, and that at said times the defendants were married and living together as husband and wife, it is your duty to find for the plaintiff in whatever amount you may find from the evidence is due to him."

The principles contained in the above requested instructions stated the law applicable to the case as made by the pleadings and proof, and the action of the court in refusing to submit them to the jury and in instructing the jury in harmony with the theory of the defendant was, in our opinion, prejudicially erroneous.

1. Whether medical services are "necessaries of life," within the legal meaning of those terms, is a question which has never been, so far as we are advised to the contrary, presented to and decided by the courts of this state. At any rate, we have been cited to no recorded decisions in which the question has been passed upon. But, upon principle, we can imagine no reason why medical services should not be so considered. To the contrary, a ruling holding them not to be so would appeal to our minds as barbaric both in its conception and conclusion. It is not possible that any court would hold that the obligation of parents to furnish their minor children with the necessaries of life is fully satisfied when they have provided them with food, clothing, and shelter, or, to state the proposition in another form, that parents would not violate their obligation to provide their minor children with the necessaries of life by a refusal to furnish them with requisite medical attention when ill.

The word "necessaries," as it has been applied by some of the cases in which its legal import has been interpreted, is a relative term and, as so applied, has been restricted or enlarged in the scope of its legal signification according to the

circumstances and conditions of the parties. Some of the cases have held that it is not confined in its application merely to what is essential barely to support life, but that it includes many of the conveniences of refined society, such as ornaments of dress, which are usually worn by persons of rank and position. In the present case, however, there is nothing which requires us to go further than to say that, under our law, it most certainly at the least means the *common neces-saries of life,* or such things as are proper and requisite for the sustenance of man. With equal certainty these include, besides food, clothing, and shelter such medical attentions in cases of illness as are absolutely requisite to relieve physical suffering and pain and to overcome or conquer disease, if by such attentions it can be done. But we are not without some eminently respectable authority for the conclusion that medical services are included in those common necessaries which it is legally obligatory upon parents to provide for their minor children, and, without further comment upon the proposition, we cite the following cases from other jurisdictions in confirmation of the views above expressed and the conclusion which is the culmination thereof: *Carstens* v. *Hanselman,* 61 Mich. 426, [1 Am. St. Rep. 606, 28 N. W. 159] ; *Darling* v. *Andrews,* 91 Mass. 106; *Bevier* v. *Galloway,* 71 Ill. 517; *Tebbets* v. *Hapgood,* 34 N. H. 420; *Cothran* v. *Lee,* 24 Ala. 380; *Pearl* v. *McDowell,* 3 J. J. Marsh. (26 Ky.) 658, [20 Am. Dec. 199] ; 15 Am. & Eng. Ency. of Law, 2d. ed., p. 876, and cases cited in the foot-notes.

2. The solution of the second proposition must rest upon the ascertainment of the true meaning of section 171 of the Civil Code, which, as amended by the legislature of 1905, reads: ''The separate property of the wife is liable for her own debts contracted before or after her marriage, but is not liable for her husband's debts; provided, that such property is liable for the payment of debts contracted by the husband or wife for the necessaries of life furnished to them or either of them while they are living together. Provided, that the provisions of this act shall not apply to the separate property of the wife held by her at the time of her marriage or acquired by her by devise or succession after marriage.''

Under the above section, prior to the amendment at the time mentioned, all of the wife's separate property was ex-

empted from liability for the debts of her husband providing, also, however, that her separate property was liable for her own debts contracted either before or after marriage.

It will be observed that the section as amended in 1905 excludes from liability her separate property held by her at the time of her marriage and that acquired by her by devise or succession after marriage, and, therefore, the application of the provisions of the section is necessarily limited to such of her separate property only as she may have acquired after her marriage by any other means than by devise or succession, such property, for instance, as her earnings or that which she might acquire by gift after her marriage. It is probable that the section was put in its present form by the legislature largely for the purpose of meeting those cases where the husband, in order to render himself execution proof, has by gift transferred to his wife all his property.

But whatever might have been the legislative motive prompting the enactment of the amendment, it is plainly manifest that the intention was thus to make the wife jointly liable with her husband for the payment of debts contracted by either or both for necessaries furnished to either or both while they are living together, restricting, however, the wife's liability by limiting the right to take her separate property in execution of a judgment for a debt so contracted to such of her separate property only as she may have acquired after marriage otherwise than by devise or succession. That the liability imposed upon the wife by the amendment was intended to be for debts which might be contracted by the husband alone for necessaries furnished to herself or her husband or both while they are living together, seems clear not only from the language itself of the amendment, but also from the fact that the section before amended expressly foreclosed any right to take any of her separate property for the extinguishment of her husband's debts. The purpose of the amendment, in other words, seems to have been to authorize the doing of a certain thing to a limited extent which was theretofore altogether expressly forbidden.

The rejected instructions were, as stated, drafted upon the above construction of section 171, as amended. And the first of said instructions construes said section to mean that the furnishing of necessaries to a minor child of the husband and

wife is the same as furnishing necessaries to such husband and wife themselves, and this is obviously the correct view of the section in that respect.

But it is contended by the respondent with apparent earnestness that, where an action is instituted against the husband to recover for necessaries contracted for solely by him, it is not necessary to join the wife in such action in order to subject such of her separate property as may be taken for the payment of a debt so contracted to the satisfaction of a judgment obtained in such action.

But we can perceive no reason for doubting that, in order to bind the separate property of the wife which may be taken for that purpose by a judgment obtained in an action such as the one at bar, it is necessary to make her a party to such action. While the section does not provide in terms that the wife is personally liable in such a case, we are, nevertheless, of the opinion, as before stated, that a personal liability to the extent of her separate property which may be subjected to the operation of an execution in a case of this kind is imposed upon her by the statute. In other words, the statute makes her personally responsible for necessaries furnished under the circumstances therein specified to the extent that certain of her separate estate is bound for the payment of a debt contracted for such necessaries. No other conclusion could logically follow from a reasonable view and consideration of section 171, for it would obviously involve a palpable contradiction to say that she is not thus made liable and at the same time hold, as it must be held, that certain of her separate property may, nevertheless, be taken upon a judgment recovered for necessaries. But, in any event, it is very plain to our minds that her property should not be bound by a judgment rendered and entered solely against her husband, and that, on the contrary, if her separate estate is to be resorted to for the purpose of satisfying such a judgment, her liability should be established by such judgment. There are certain conditions upon which alone her separate property may thus be taken, and these conditions involve issues which must necessarily arise in such an action which are vital to her rights and which, manifestly, she ought to be accorded an opportunity to meet before her separate property is taken from her. These questions are: 1. Was the debt to recover

which the action is instituted contracted for *necessaries of life?* and, if so, 2. Were such necessaries furnished either to her husband or herself or both *while they were living together?* Obviously, unless these questions can be and are answered in the affirmative, it follows that none of the wife's separate estate, whenever or howsoever acquired, may be taken to satisfy a judgment obtained in an action to recover upon an alleged contract for necessaries. That the wife would be entitled to be heard upon those questions, is an obvious proposition and, indeed, one which, as we shall presently see, counsel for the respondent himself concedes. She is entitled to an opportunity, before her separate property capable of being so taken shall be seized in execution of a judgment obtained for necessaries, to show, if she can show, that the conditions prescribed by the statute upon which such property may be so taken do not in fact exist. She, in other words, is entitled to show, if she can, that the "necessaries" were not procured for or furnished either to her husband or herself; or that the articles furnished were not "necessaries" within the meaning of the law; or that, if "necessaries," and were furnished to her husband, were so furnished while she and the former were not living together. If this were not true, then the wife might, as counsel for the appellant very aptly suggests, be made the victim of fraud through connivance between her husband and the creditor and thus despoiled of a portion of her separate estate. On the other hand, the creditor would be entitled to have the wife's liability fixed by the judgment—that is to say, an adjudication that her separate property which may be taken for that purpose, if any such she has, is subject to execution under such judgment. The right to have such an adjudication would manifestly be very important to the creditor in a case where the husband had no property or effects subject to execution, or where, perhaps, he has transferred all his belongings, reachable by process in his own hands, to his wife.

But the sum and substance of this whole proposition is that a person or his property should under no circumstances be bound by a judgment in an action to which he has not been made a party and in which, therefore, he has not been accorded an opportunity to show that neither he nor his property should be so bound.

The suggestion that, where the wife is joined with her husband in an action to recover a judgment for necessaries, and where such a judgment is obtained against her, her separate property which is by section 171 exempted from execution under such judgment might nevertheless be subjected to the satisfaction thereof, is altogether without merit. Her liability is measured and fixed by the statute and would necessarily be so measured and fixed by the judgment. There would be no more ground for the apprehension of any such result in a case where she was joined with her husband than where, having herself expressly contracted for the necessaries, she was sued alone and judgment secured solely against her.

The procedure which counsel for the respondent suggests would be the proper one in a case of this character, even if appropriate in any event, would amount in practical effect to a trial in an unusual way of the very issues upon which the wife would be entitled to be heard at some time before her property is taken for a debt contracted for necessaries. He in effect says that the statute contemplates that all the questions vitally affecting the wife's rights in an action of this kind, where instituted against the husband alone, may be litigated and determined in some other appropriate proceeding after judgment had and execution issued, where it becomes necessary to resort to the wife's separate estate to satisfy the judgment. His position, more explicitly explained, is this: That (assuming that the wife is responsible for necessaries furnished to herself and husband where the latter alone contracts for the same), after judgment has been obtained against the husband, and the execution returned unsatisfied, the plaintiff may apply to a court of equity, by way of a creditor's bill, making the wife a party, in aid of the execution of the judgment; that in such bill the plaintiff could show that the judgment was for the necessaries of life furnished to the husband or wife while they were living together, and that the judgment was unsatisfied; that the wife owned separate property not "held by her at the time of her marriage or acquired by her by devise or succession after marriage," describing the property and praying that the judgment be declared a lien on such property and that the court order it sold in satisfaction of the judgment. "The wife would then," argues counsel, "be accorded her 'day in court' to

traverse the issues thus made by the bill, and the court under its equity jurisdiction would have full power to determine the whole question,'' etc.

Thus, as heretofore suggested, counsel concedes that there are issues or questions which must arise in this action as to which the wife would be entitled to her ''day in court''—that is, that she would be entitled to an opportunity to combat the existence of conditions upon which alone certain of her separate property may thus be seized. But, assuming that the wife in a case of this character is not a *necessary* but only a *proper* party, why all such circumlocution, involving, as necessarily it must if adopted, a violation of the rule designed to avoid a multiplicity of actions, when all the issues pertaining to the wife's rights may be litigated and adjudicated in an action against her and her husband jointly? Of course, as in any other case where it is claimed that property levied upon is exempt from execution, the question whether her separate property levied upon in execution of a judgment obtained against her for necessaries is or is not exempt under the section, may be tried and decided in some appropriate proceeding after execution. This would necessarily be so because that issue could not arise except upon the taking of the property under the execution. But to say that.it would be proper in such a proceeding to try the other issues vital to the wife's rights in such a case as this would be the equivalent of holding that a judgment binding upon her property may first be rendered and entered and the issues, the determination of which would be necessary to justify such judgment, could be tried afterward. Obviously, neither the statute upon which this action is founded nor our system of procedure contemplates any such roundabout way of adjudicating rights.

It is further insisted that there is no specific provision in the statute under consideration or in the Code of Civil Procedure authorizing the joinder of the wife with the husband in such an action as this, and that, therefore, such joinder would be without warrant of law and improper. The reply to this proposition is, however, that no specific provision authorizing a joinder is required in a particular case where, as is true in this instance, such authority is to be found among the general provisions of our procedure. As before declared, an action of this character, whereby it is sought to charge

certain of the wife's separate estate with the extinguishment of a debt contracted for necessaries is, in effect, one upon an obligation, and it is very clear that under that view of the action the wife may be joined therein with her husband by authority of section 383 of the Code of Civil Procedure and also under section 382 of the same code.

The further objection is made that the complaint states no cause of action against the wife because it is not therein alleged that the services alleged to have been rendered by the plaintiff were for "necessaries." The complaint, as we have seen, alleges that the plaintiff is a physician and surgeon by profession and that the amount sued for is due for services rendered by him for the defendants in his capacity of physician and surgeon. If it be true, as we have held, that medical services are legally included among the necessaries of life, then the complaint by the allegations above referred to shows that the services rendered were necessaries. The mere statement that they were "necessaries" would involve a legal conclusion and, of course, could add nothing to the force of the averments in that respect.

For the reasons stated in the foregoing, the judgment and the order appealed from are reversed.

Chipman, P. J., and Burnett, J., concurred.