[Civ. No. 2985. First Appellate District, Division One.—August 23, 1919.]

ESSIE TURNER et al., Respondents, v. JOHN TALMADGE et al., Appellants.

[1] HUSBAND AND WIFE—NECESSARIES FURNISHED TO HUSBAND—LIABILITY OF WIFE — STATUS OF PROPERTY TRANSFERRED TO WIFE WITHOUT CONSIDERATION.—Section 171 of the Civil Code recognizes a debt for necessaries furnished to the husband as the debt of the husband and does not make the wife personally liable therefor, but merely provides that when the husband's property has been transferred to the wife without consideration, this property may be regarded as the property of the husband for the purpose of satisfying any debts of his incurred for necessities furnished to both the husband and wife while living together.

[2] HOMESTEAD—ISSUANCE OF PATENT—LIABILITY FOR PRIOR DEBTS.— Although the effect of such section is to regard land transferred to the wife without consideration as though it had not been transferred, if such land was acquired by the husband under the homestead laws of the United States, it is, under section 2296 of the United States Revised Statutes, exempt from liability for debts of the husband contracted prior to the issuance of the patent.

[3] ID.—RIGHTS OF PURCHASER FROM PATENTEE.—Such property is also protected in the hands of a purchaser from execution upon debts of the patentee which could not have been enforced against it while the title remained in the patentee.

APPEAL from a judgment of the Superior Court of San Bernardino County. H. T. Dewhirst, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. C. Mishler and C. J. MacMillan for Appellants.

Douglas L. Edmonds and J. Karl Lobdell for Respondents.

KERRIGAN, J.—This is an appeal from a judgment quieting title in plaintiffs to 160 acres of land located in San Bernardino County. The case was tried upon a stipulated statement of facts which shows that a patent of the United States of America to the said real property was duly issued to Essie Turner, one of the plaintiffs, on the ninth day of April, 1915, and said patent was thereafter recorded in the

office of the county recorder of San Bernardino County; that on the sixth day of July, 1915, John W. Talmadge and Frank L. Talmadge, defendants here, commenced an action in the superior court of the county of San Bernardino against Essie Turner and Mary Doe Turner, his wife, plaintiffs herein, praying judgment for the sum of $372.71; that on the sixth day of July, 1915, a writ of attachment was duly issued in said action and a notice of attachment was filed in the office of the county recorder of San Bernardino County; that said action under which said real property was attached was an action for the purchase price of groceries, meats, provisions, and merchandise purchased by Essie Turner prior to April 1, 1915; that after the attachment and with knowledge thereof, on the seventh day of July, 1915, the said Essie Turner executed and delivered to Ossie Turner, his wife, a deed to the said real property, which deed was recorded on July 13, 1915; that thereafter said Ossie Turner executed and delivered a deed of trust to said property to secure a note for $125 in favor of I. R. Overell, one of the plaintiff's herein; that default of the defendants, Essie and Ossie Turner, was duly and regularly entered in the said action brought by Talmadge, and on October 28, 1915, execution issued and the real property was sold on November 23, 1915, at execution sale, to F. L. Talmadge.

The trial court held that the property is exempt from the levy and sale made by the sheriff, and that the purchaser acquired no title or interest therein, and gave judgment quieting title in Ossie Turner, subject to the deed of trust herein mentioned. The only question arising on appeal is whether or not section 2296 of the United States Revised Statutes, [U. S. Comp. Stats., sec. 4551; 8 Fed. Stats. Ann., p. 575], providing for the exemption of land taken under the homestead laws of the United States from execution for debts contracted prior to the issuance of the patent is applicable to the facts presented here. Said section provides as follows: "No land acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent therefor."

[1] The debt out of which the execution and sale arose was a debt of the husband, Essie Turner. It was admittedly a debt for necessaries furnished to him and for which he,

and not his wife, was liable. Section 171 of the Civil Code, relied upon by appellants, recognizes such debt as the debt of the husband and does not make the wife personally liable therefor, but merely provides that when the husband's property has been transferred to the wife without consideration, this property may be regarded as the property of the husband for the purpose of satisfying any debts of his incurred for necessities furnished to both the husband and wife while living together. [2] The effect of this section is to regard such property as though it had not been transferred. In the present case, if the property is so regarded, it is not liable for the husband's debt contracted before patent issued to the land. (*Barnard* v. *Boller,* 105 Cal. 214, [38 Pac. 728]; *Miller* v. *Little,* 47 Cal. 348.) [3] Such land is also protected in the hands of a purchaser from execution upon debts of the patentee which could not have been enforced against it while the title remained in the patentee. (*Miller* v. *Little, supra;* note to *Sprinkle* v. *West,* Ann. Cas. 1912D, 284, and cases there cited.)

The judgment is affirmed.

Richards, J., and Waste, P. J., concurred.