[Civ. No. 5883. First Appellate District, Division Two.—November 10, 1927.]

EDWARD ACKLEY, Appellant, v. IRENE PORCARI MAGGI, Respondent.

632

Franklin T. Poore for Appellant.

Frank T. Deasy for Respondent.

KOFORD, P. J.—Plaintiff appeals from a judgment in favor of defendant, a married woman.

The complaint alleged "that the defendant became indebted to plaintiff's assignor A. W. Morton (a physician and surgeon) upon an open book account for medical and surgical services rendered to said defendant upon the special instance and request of said defendant." The proof failed to show any book account except one with the defendant's husband who was not a party to the action. This statement might seem to dispose of the case, but the defendant's answer and the proceedings at the trial were such that we must consider whether the plaintiff is entitled to a judgment against the wife for debt irrespective of the absence of any book account with her.

The defendant's answer denied "that she ever became indebted to said physician upon an open book account or upon any other account or in any other manner, etc." It is true, as contended for by appellant, that averments of an answer may supply vital allegations omitted from the complaint, but it is doubtful whether a mere denial in the answer, however sweeping, has this effect. Such effect is usually only obtained by affirmative allegations or new matter and not by mere denials. (*Vanalstine* v. *Whelan*, 135 Cal. 232 [67 Pac. 125]; *Windsor* v. *Miner*, 124 Cal. 492 [59 Pac. 386]; Pomeroy's Code Remedies, 4th ed., sec. 470 [*579].) The defendant's answer, however, went further and set up a special defense, alleging that she had no separate property; that she was not living with her husband at the time the services were rendered, obviously pleading herself out from the provisions of Civil Code, section 171, which provides for what debts a married woman's separate property is liable. The answer also alleged that she was divorced from her husband, but this, according to the briefs, was at a date after the physician rendered the services.

The trial was very brief and amounted substantially or in large part to an agreed statement of facts. As soon as the case was called counsel for the defendant made the following statement: "I think I can shorten the proceedings by admitting most of the facts. This is a case for services rendered to the wife during the time that the husband and wife were living together. There is no question of the services or the reasonable value, nor any question of the doctor's performing them. The only question herein is a point of law and that is: Before this suit was commenced there was a divorce suit instituted between the husband and wife in which the wife got the divorce and got the custody of the child and an allotment of property of $5350.00. There was a settlement of property rights. After that suit was tried, this suit was instituted and the point of law that I am raising is the question of the liability of the wife for an obligation that was made during the time the marital relations existed and whether this award, or gift, or otherwise, of property is in lieu of alimony and property rights. The property, $5350.00, came from community funds before the divorce. The husband owned and controlled and oper-

ated a business known as a bakery and sold it before the divorce took place. There was a part payment on this bill, the court allowed that particular sum of money. So the only difficulty we have is the question, the point of law and, if satisfied on that, Mr. Prosek and myself will submit authorities on that.''

Counsel for plaintiff then called the doctor and asked only one question which brought out the fact that the services were performed at the request of the defendant's husband. A brief cross-examination established that the book account was with the husband alone; that bills were sent to him and that he had made a $200 payment on account of the bill. This was all the testimony except that the record of the defendant's divorce from her husband was also received in evidence. When this action was commenced, according to the briefs, an attachment was levied on the fund awarded the defendant from her husband in the divorce action.

This record fairly shows that the action was treated by both the parties as trying the issue of whether the defendant was liable for the debt whether upon an open book account or otherwise and we also shall so treat it.

The points raised by respondent here and as defendant in the trial court follow: 1. That the evidence does not show an express contract upon the part of the wife. This is undoubtedly true. 2. That the law does not imply a promise or a contract upon the part of a married woman for family expenses or necessaries, but such contract is implied upon the part of the husband only. In this she is supported by *Chaffee* v. *Browne,* 109 Cal. 211, 219 [41 Pac. 1028]. 3. That before plaintiff can obtain a judgment against her by virtue of whatever liability is created by Civil Code, section 171, he must prove that she owns the particular kind of separate property made liable for such a debt by that section.

In *Turner* v. *Talmadge,* 42 Cal. App. 794 [187 Pac. 969], it was stated that this section did not impose a personal liability upon the wife. The statement does not appear to have been a necessary part of the decision.

In *Evans* v. *Noonan,* 20 Cal. App. 288 [128 Pac. 794], the section received a very full and careful consideration. It was held there that judgment should be given against the wife

for necessaries of life furnished while she was living with her husband. The suggestion that such procedure might result in having the judgment satisfied out of her property not made liable by the section was disposed of by saying that that question could be disposed of after execution issued. This case is cited and followed in *Wisnom* v. *McCarthy*, 48 Cal. App. 697 [192 Pac. 337], and quoted upon this point in *Nielsen* v. *Richards*, 75 Cal. App. 680, at 686 [243 Pac. 697].

We think the result of the section is to permit an action to be brought directly against the wife for necessaries of life furnished as described in the section and whether the wife has or in the future may obtain property legally liable for the satisfaction of the judgment so obtained is a matter which may or may not be considered in the form of the judgment, but must in any event be considered at the time of an attempted satisfaction of the judgment out of her property.

The statement of facts contained in the record will do away with the necessity of our making additional or new findings of fact herein. That statement in itself will suffice as findings of fact. (*Stanwood* v. *Carson*, 169 Cal. 640 [147 Pac. 562]; 23 Cal. Jur. 913.)

Regardless of the nature of the fund attached in this action and irrespective of whether the wife presently owns separate property liable for this debt under the terms of Civil Code, section 171, judgment should be for the plaintiff herein for the amount of the bill less the $200 payment, to wit, $800.

There are insufficient facts in the record to enable us to determine whether the fund attached is liable for the debt here sued upon under the doctrine and procedure pointed out in the case of *Frankel* v. *Boyd*, 106 Cal. 608 [39 Pac. 939].

It is ordered that the judgment be reversed and judgment entered in favor of plaintiff in the sum of $800, together with trial costs and costs of appeal.

Sturtevant, J., and Nourse, J., concurred.