[Civ. No. 37696. Second Dist., Div. Three. Mar. 5, 1971.]

CREDIT BUREAU OF SANTA MONICA BAY DISTRICT, INC., Plaintiff and Respondent, v.
JOSEPHINE DEVINE TERRANOVA, Defendant and Appellant.

## COUNSEL

Charles Murstein for Defendant and Appellant.

Walter I. Colby for Plaintiff and Respondent.

## OPINION

**FEINERMAN, J.**\*—This appeal presents the question of the form of judgment to be rendered under Civil Code section 5121 (formerly Civ. Code, § 171) in an action to recover from a widow for a debt of her deceased husband incurred for necessaries furnished to the husband while the couple were living together as husband and wife.

On November 26, 1968, plaintiff collection agency, as assignee of Stanley Swangren, a licensed dentist, filed an action in the Municipal Court of the Santa Monica Judicial District, seeking to recover from defendant the sum of $525 for dental services rendered to George Terranova, defendant's husband, who was deceased at the time of the commencement of the action.

Trial in the municipal court resulted in the following order, made on June 1, 1970: "On the First Cause of Action[1] of the complaint, judgment for plaintiff pursuant to Civil Code Sec. 5121 (formerly § 171) for the principal sum of $525.00, interest at 7% per annum from November 26, 1968, and costs as provided by law, said judgment to be satisfied out of only that separate property of defendant so permitted by law." Motion for new trial was denied. Upon appeal, the appellate department of the superior court reversed the judgment "with instructions to retry the case, after first allowing the parties to amend their pleadings if they so desire."

The cause was certified to this court by the appellate department upon its own motion "to settle an important question of law and to secure uniformity of decision." The question of law presented to this court, as stated by the appellate department, is as follows: "Is the liability imposed by Section 5121 of the Civil Code personal against the wife or is it a quasi in rem liability against a limited class of her separate property? What is the proper form of judgment in such a case? Should it be a general judgment against the wife; if so, should it be such general judgment only, or should it be a general judgment with a written-in limitation as to the class of property which may be levied on; or, on the other hand, should it be in form a judgment against specifically designated parcels of property?"

The appellate department noted the conflict in the decisions concerning the nature of the wife's liability and the form of judgment to be entered

---

\*Assigned by the Chairman of the Judicial Council.

[1]The complaint consisted of two causes of action, the first count alleging an open book account for services rendered to defendant at her express instance and request, and the second count alleging an account stated. It was stipulated in the trial court that dental services were furnished to the husband of the defendant at a time when the husband and defendant wife were living together.

against the wife, and took the view that the judgment should not be a personal judgment, but a judgment against specifically designated parcels of property only. ■ For the reasons hereinafter set forth, we have concluded that the judgment should be against the wife, but that it should be specifically limited with a direction that it be satisfied only out of such separate property of the wife as is made liable by section 5121.

Section 5121 of the Civil Code provides as follows: "The separate property of the wife is liable for her own debts contracted before or after her marriage, but is not liable for her husband's debts; provided, that the separate property of the wife is liable for the payment of debts contracted by the husband or wife for the necessaries of life furnished to them or either of them while they are living together; provided, that the provisions of the foregoing proviso shall not apply to the separate property of the wife held by her at the time of her marriage or acquired by her by devise, succession, or gift, other than by gift from the husband, after marriage." This section is an exact copy of former Civil Code section 171, which has not been changed since 1915. We also note that the appellate decisions interpreting this section are hoary with age, in conflict, and have dubious viability at this point in time. An overlook of these decisions follows.

*Evans* v. *Noonan* (1912) 20 Cal.App. 288 [128 P. 794] was an action to recover from defendants, husband and wife, for necessaries furnished to their minor children at the request of defendant husband while defendants were living together as husband and wife. The action was tried by a jury, and it found in favor of the defendant wife and against the co-defendant husband. Upon appeal by plaintiff the judgment entered in favor of the wife was reversed. The court held that the trial court had erroneously submitted the cause to the jury upon the theory that, not having expressly contracted for the services mentioned in the complaint or agreed with or promised the plaintiff to pay for the same, defendant wife was not legally liable for the payment of a debt contracted for such services so that such of her separate estate as may be subjected under section 171 of the Civil Code to the satisfaction of such a debt could be taken therefor. Speaking of section 171, as amended in 1909, the court states that "it is plainly manifest that the intention was thus to make the wife jointly liable with her husband for the payment of debts contracted by either or both for necessaries furnished to either or both while they are living together, restricting, however, the wife's liability by limiting the right to take her separate property in execution of a judgment for a debt so contracted to such of her separate property only as she may have acquired after marriage otherwise than by devise or succession." (P. 294.) The court also rejected respondent's contention that, where an action is instituted against the husband to recover for necessaries contracted for

solely by him, it was not necessary to join the wife in such action in order to subject her separate property to the payment of the debt. In this connection, the court states (p. 295): "But we can perceive no reason for doubting that, in order to bind the separate property of the wife which may be taken for that purpose by a judgment obtained in an action such as the one at bar, it is necessary to make her a party to such action. While the section does not provide in terms that the wife is personally liable in such a case, we are, nevertheless, of the opinion, as before stated, that a personal liability to the extent of her separate property which may be subjected to the operation of an execution in a case of this kind is imposed upon her by the statute. In other words, the statute makes her personally responsible for necessaries furnished under the circumstances therein specified to the extent that certain of her separate estate is bound for the payment of a debt contracted for such necessaries."

In *Turner* v. *Talmadge* (1919) 42 Cal.App. 794, 796 [187 P. 969] the court stated: "Section 171 of the Civil Code, relied upon by appellants, recognizes such debt as the debt of the husband and does not make the wife personally liable therefor, but merely provides that when the husband's property has been transferred to the wife without consideration, this property may be regarded as the property of the husband for the purpose of satisfying any debts of his incurred for necessities furnished to both the husband and wife while living together. The effect of this section is to regard such property as though it had not been transferred."

*Wisnom* v. *McCarthy* (1920) 48 Cal.App. 697 [192 P. 337] was an appeal from a judgment of nonsuit entered in favor of defendant wife. Based upon the holding in *Evans* v. *Noonan,. supra,* the court ruled that defendants, husband and wife, were "jointly liable" for the necessaries of life furnished while the husband and wife were living together, stating, however: "It is, of course, true that as the liability of a married woman, under section 171 of the Civil Code, is measured and fixed by the statute, it must necessarily be so measured and fixed by any judgment against her." (P. 702.) The court then states (pp. 702-703): "As it is uncertain, from the facts before us, whether or not a judgment restricted in its application to conform to the limitations of section 171 of the Civil Code would afford the plaintiff relief in the present action, it is appropriate for us to consider the evidence and admissions in the light of appellant's contention that the defendant Mrs. McCarthy should be charged for these services upon her own contract and irrespective of her husband's liability and irrespective of section 171 of the Civil Code." The court determined that upon the facts a personal contract on the part of Mrs. McCarthy was shown; thus, irrespective of the limited liability possible under section 171, the judgment must be reversed.

*Ackley* v. *Maggi* (1927) 86 Cal.App. 631 [261 P. 311] was an appeal by the plaintiff from a judgment in favor of defendant, a married woman. Defendant, in the trial court and upon appeal, contended that before plaintiff could obtain a judgment against her by virtue of whatever liability is created by section 171 of the Civil Code, he must prove that she owns the particular kind of separate property made liable for such a debt by that section. The court held that, irrespective of whether the wife presently owns separate property liable for the debt under the terms of said section 171, judgment should be for the plaintiff. In so holding, the court states (pp. 634-635): "In *Turner* v. *Talmadge,* 42 Cal.App. 794 [187 Pac. 969], it was stated that this section did not impose a personal liability upon the wife. The statement does not appear to have been a necessary part of the decision.

"In *Evans* v. *Noonan,* 20 Cal.App. 288 [128 Pac. 794], the section received a very full and careful consideration. It was held there that judgment should be given against the wife for necessaries of life furnished while she was living with her husband. The suggestion that such procedure might result in having the judgment satisfied out of her property not made liable by the section was disposed of by saying that that question could be disposed of after execution issued. This case is cited and followed in *Wisnom* v. *McCarthy,* 48 Cal.App. 697 [192 Pac. 337], and quoted upon this point in *Nielsen* v. *Richards,* 75 Cal.App. 680, at p. 686 [243 Pac. 697].

"We think the result of the section is to permit an action to be brought directly against the wife for necessaries of life furnished as described in the section and whether the wife has or in the future may obtain property legally liable for the satisfaction of the judgment so obtained is a matter which may or may not be considered in the form of the judgment, but must in any event be considered at the time of an attempted satisfaction of the judgment out of her property."

In *Smith* v. *Bentson* (1932) 127 Cal.App.Supp. 789, 794 [15 P.2d 910] the court opined that Civil Code section 171 "imposes on a wife a liability for necessaries of life furnished to the husband; but to establish such liability a plaintiff must show that the services furnished were necessaries of life and that they were furnished while husband and wife were living together. An allegation that the wife has property from which payment may be enforced under that section is not required. (*Evans* v. *Noonan,* 20 Cal.App. 288, 296 [128 Pac. 794]; *Ackley* v. *Maggi,* 86 Cal.App. 631 [261 Pac. 311].)"

In *Medical Finance Assn.* v. *Allum* (1937) 22 Cal.App.2d Supp. 747 [66 P.2d 761] there is a comprehesive discussion of the earlier cases and

a preference expressed for the conclusion reached in *Turner* v. *Talmadge, supra.*

Having reviewed these earlier cases, and having examined the language of the statute itself, we believe the following principles are applicable with regard to the procedure for imposing liability under section 5121 of the Civil Code:

(1) It is necessary that the wife be made a party to the action in order that she may have an opportunity to litigate the issues upon which the liability of certain of her property may depend.

(2) It must be alleged and shown that (a) the debt was for necessaries, and (b) that the wife and her husband were living together at the time they were furnished.

(3) Section 5121 of the Civil Code does not impose general personal liability upon the wife.

(4) The statutory liability being limited and conditional, the judgment must fix that liability. It cannot be a general unqualified personal judgment.

In the instant case the judgment was restricted—"to be satisfied out of only that separate property of defendant so permitted by law." The question is whether this general qualification is sufficient.

It is our opinion that, in an action to impose liability under section 5121 of the Civil Code, the plaintiff need *not* allege that defendant wife has property from which payment may be enforced; nor do we feel that the court, in such action, must determine the existence and extent of such property, or that the judgment must be only against specifically designated parcels of property. Although the wife's liability exists only as to certain property, we hold the view that she and her property can be adequately protected by a limited and qualified judgment. Accordingly, it is our conclusion that the judgment should be against the wife (rather than against her property), but that it should be specifically limited with a direction that it be satisfied only out of such separate property of the wife as is made liable by section 5121.

This is not to say that a plaintiff, if he is able to do so, may not allege that separate property exists from which a judgment under section 5121 may be satisfied. If made an issue in the action, the court would of course be required to make a determination thereon; and, if such property is found to exist, the judgment could quite properly direct that the obligation be satisfied from such property. To avoid further litigation this would

appear to be the preferable procedure. However, we do not believe that a plaintiff should be precluded from filing his action (perhaps to avoid the statute of limitations), or from obtaining a judgment, because he is uninformed as to the existence of separate property against which such a judgment could be enforced, or, perchance, because there is none in existence at the time of the action. The judgment creditor should be able to enforce his judgment (according to the specific qualifications contained therein) within 10 years (§ 681, Code Civ. Proc.) when and if he discovers that such property exists.

The judgment of the trial court is modified to provide as follows: On the first cause of action of the complaint, it is adjudged that plaintiff Credit Bureau of Santa Monica Bay District, Inc., recover from defendant Josephine Devine Terranova the sum of $525, interest at 7 percent per annum from November 26, 1968, and costs as provided by law, said judgment to be satisfied only out of such separate property of the defendant as is made liable by Civil Code section 5121.

As modified, the judgment is affirmed.

Cobey, Acting P. J., and Schweitzer, J., concurred.

A petition for a rehearing was denied March 31, 1971.