967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mackie BIAS, Defendant-Appellant.
 No. 89-10568.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1992.*
Decided June 22, 1992.
 
 Before FLETCHER, POOLE and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mackie Bias pled guilty to one count of manufacturing methamphetamine. On appeal, he claims that the district court erred in determining after a Fed.R.Crim.P. 11 hearing that his plea was voluntary. We affirm.
 
 FACTS
 
 3
 Mackie Bias, age 62, was arrested along with his son Jon Mackie Bias, age 27, and Cheryl Harban. Methamphetamines and the equipment for their manufacture were discovered in the Biases' trailer. The three defendants were charged with one count each of manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1), possession of methamphetamine with intent to distribute in violation of the same statute, and use of a firearm in relation to a drug felony in violation of 18 U.S.C. § 924(c)(1). Defendants were represented by separate counsel.
 
 
 4
 The prosecution offered the defendants a plea agreement whereby Mackie Bias would plead guilty to manufacturing methamphetamine, Jon Bias would plead guilty to possession with intent to distribute, and Harban would plead guilty to simple possession, a misdemeanor. Minimum jail terms for the felonies were ten (or twenty[1] ) years for Mackie Bias and five years for Jon Bias. The three plea bargains were a "package deal": if any defendant refused his or her bargain, the prosecution would withdraw the others, and all three defendants would face trial. All of the defendants accepted the plea agreements.
 
 
 5
 The Biases entered their pleas at a Rule 11 hearing on August 17, 1989. On September 6, 1989, Mackie Bias substituted counsel; his previous attorney had been indicted for tax violations. The district court asked him whether he wished to change his plea in light of the substitution, but he declined. The Biases were sentenced on November 1, 1989.[2]
 
 
 6
 On appeal, Mackie Bias contends that his plea was not voluntary, and that the district court erred by not inquiring more fully into his state of mind. Specifically, he claims that he felt pressured to accept the plea in order to obtain a more lenient sentence for his son.
 
 STANDARD OF REVIEW
 
 7
 Adequacy of a Rule 11 hearing is a question of law reviewed de novo. United States v. Jaramillo-Suarez, 857 F.2d 1368, 1369 (9th Cir.1988). Voluntariness of a plea is also reviewed de novo. United States v. Turner, 881 F.2d 684, 685 (9th Cir.), cert. denied, 493 U.S. 871 (1989).
 
 DISCUSSION
 
 8
 The Ninth Circuit has ruled that package deal plea bargains of the type offered to the Biases are not per se impermissible.
 
 
 9
 [Appellant] argues that package-deal plea bargains impel defendants to coerce codefendants into pleading guilty. Our court and others have recognized this potential problem. But instead of declaring such plea bargains per se impermissible, we enforce a trial judge's duty to ensure that such pleas are voluntary, as required by Fed.R.Crim.P. 11(d). We have also demanded that such pleas be voluntary in the related situation where a plea bargain is offered in exchange for a promise of leniency as to a third person.
 
 
 10
 United States v. Wheat, 813 F.2d 1399, 1405 (9th Cir.1987) (citations omitted) aff'd 486 U.S. 153 (1988). The cases Bias cites are not to the contrary; they do suggest, however, that plea bargains made in order to secure lenient treatment for others must be carefully scrutinized for possible coercion. In re Ibarra, 93 Cal.Rptr. 538, 543 (Cal.1983); United States v. Nuckols, 606 F.2d 566, 569 (5th Cir.1979); Bordenkircher v. Hayes, 434 U.S. 357, 364 n. 8 (1977).
 
 
 11
 The question that remains, then, is whether the district court recognized the potential for involuntariness and took steps to insure that Mackie Bias's plea was voluntary. We conclude that it did. Judge Ramirez clearly and carefully advised Mackie Bias of his rights. He took pains to assure that responses from the defendants were on the record; he repeated himself when necessary so that the defendants could understand him. He was aware that the plea agreements were linked. He explained to each defendant their possible sentences and the nature of the rights they were waiving by pleading guilty. He inquired individually whether they were taking any medications and whether they had a "clear mind." He asked whether the defendants were pleading guilty because they were in fact guilty, and not because of threats of force against them or their family. Finally, after Mackie Bias had substituted counsel, the court offered him an opportunity to change his plea. He responded throughout that he understood the proceedings and was voluntarily pleading guilty. Mackie Bias made several comments at the initial hearing that suggested his unhappiness with the package deal plea bargain and with the prospect of serving a lengthy sentence, but at no time did he say that his plea was entered to secure favorable treatment for his son.
 
 
 12
 We conclude that the defendant pled voluntarily and intelligently.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The uncertainty results from Mackie Bias's earlier conviction of a California drug charge. At the time of this plea agreement, he had not yet been sentenced in state court, and it was unclear whether the prior conviction had "become final" for purposes of 21 U.S.C. § 841(b)(1)(A) (Supp.1991). If it had, the statutory minimum doubled to twenty years
 
 
 [2]
 Jon Bias reserved the right to appeal the district court's denial of his motion to suppress evidence; the denial was upheld by a panel of this court. United States v. Bias, No. 89-10540 (9th Cir. November 15, 1990)