**THE REYNOLDS AND REYNOLDS COMPANY, Plaintiff,**

v.

**UNIVERSAL FORMS, LABELS & SYSTEMS, INC., et al., Defendants.**

**No. CV 97–1513 DT (SHx).**

United States District Court, C.D. California.

May 19, 1997.

Mark A. Nadeau, Cynthia A. Ricketts, Scott T. Ashby, Squire, Sanders & Dempsey, L.L.P., Phoenix, AZ, Richard C. Macias, Hayley L. Sneiderman, Bronson, Bronson & McKinnon, L.L.P., Los Angeles, CA, for Plaintiff.

Gary E. Shoffner, Law Offices of Gary E. Shoffner, Newport Beach, CA, for Defendants.

**ORDER GRANTING MOTION OF DEFENDANTS DONNA BOULGER, LINDA KOLBECK, JULIA GARRETT, THERESA SCHLEGEL AND MARGIE MOLINO TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER RULE 12(B)(6) WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND.**

TEVRIZIAN, District Judge.

## Background

### 1. *Factual Summary.*

The First Amended Complaint alleges the following matters.

About December 31, 1996, Plaintiff Reynolds and Reynolds Company ("Reynolds") purchased the assets of Vanier Graphics Corporation ("Vanier"). *See* First Amended Complaint ¶¶ 4, 22–23.

Defendant Universal Forms, Labels & Systems, Inc. ("Universal") is a competitor of Reynolds in the sale and distribution of forms. *See* First Amended Complaint ¶ 5.

Defendants J. Kelly Boulger, Patrick Kolbeck, George Garrett, Richard Schlegel and Steve Molino, are former employees of Vanier who went to work for Universal ("Former Vanier Employees"). *See* First Amended Complaint ¶¶ 6–9, 11–21. The former Vanier employees had entered into various confidentiality agreements with Vanier. *See* First Amended Complaint ¶¶ 46–89. Universal and the former Vanier employees allegedly engaged in a variety of acts of improper competition in violation of the confidentiality agreements. *See* First Amended Complaint ¶¶ 93–165.

The First amended Complaint contains the following twelve counts against the indicated parties:

1. Count One for Misappropriation of Reynolds–Vanier Trade Secrets Against The Former Vanier Employees And Universal,

2. Count Two for Tortious Interference With Business Expectancy Against The Former Vanier Employees And Universal,

3. Count Three for Unjust Enrichment Against The Former Vanier Employees And Universal,

4. Count Four for Breach of Contract Against The Former Vanier Employees,

5. Count Five for Tortious Interference With Confidentiality Agreements Against Universal,

6. Count Six for Unfair Competition Against The Former Vanier Employees And Universal,

7. Count Seven for Specific Recovery of Property Against The Former Vanier Employees And Universal,

8. Count Eight for Conversion Against The Former Vanier Employees And Universal,

9. Count Nine for Trade Disparagement Against The Former Vanier Employees And Universal,

10. Count Ten for Civil Conspiracy Against The Former Vanier Employees And Universal,

11. Count Eleven for Accounting Against The Former Vanier Employees And Universal, and,

12. Count Twelve for Specific Performance of Confidentiality Agreements Against The Former Vanier Employees.

Moving defendants Donna Boulger, Linda Kolbeck, Julia Garrett, Theresa Schlegel and Margie Molino are the spouses of the former Vanier employees ("employees' spouses") alleged to have been "acting on behalf of their marital community". *See* First Amended Complaint ¶¶ 6, 10, 13, 16 and 19.

The employees' spouses are not identified as parties in the headings of any of the charging Counts nor do there appear to be any allegations of wrongful acts committed by any of the spouses in the sixty page First Amended Complaint. Plaintiff asserts that the employees' spouses are named solely to establish the liability of the community assets for the alleged wrongs of the former Vanier employees. *See* Plaintiff's Opposition To Motion To Dismiss, p. 3.

### 2. *Procedural History.*

On March 7, 1997 Plaintiff filed its Complaint.

On March 14, 1997 Plaintiff filed its First Amended Complaint, alleging twelve counts as indicated above.

On April 8, 1997 defendants Donna Boulger, Linda Kolbeck, Julia Garrett, Theresa Schlegel and Margie Molino filed their MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER RULE 12(b)(6) which is currently pending before the Court.

## Discussion

### 1. Standard.

#### A. Motion To Dismiss.

In considering a motion a dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume that the plaintiff's allegations are true, and must construe the complaint in a light most favorable to the plaintiff. *United States v. City of Redwood City*, 640 F.2d 963, 967 (9th Cir. 1981) Moreover, even if the face of the pleadings indicates that recovery is unlikely, the plaintiff is still entitled to offer evidence in support of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Redwood City*, 640 F.2d at 967. The Court may not dismiss complaints pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir.1980).

### 2. Under California Law The Spouses Have No personal Liability For Wrongful Acts of Former Vanier Employees.

■ The employees' spouses have no personal liability for the alleged wrongful acts of the former Vanier employees. *See* California Family Code § 1000(a).

Section 1000 states, in part:

"(a) A married person is not liable for any injury or damage caused by the other spouse except in cases where the married person would be liable therefor if the marriage did not exist."

Plaintiff acknowledges that the employees' spouses are not alleged to have committed any wrongful act or to have breached any contract.

### 3. It Is Appropriate To Determine The Liability Of The Marital Community Estate At Time Of Trial On The Underlying Liability.

Plaintiff argues that the employees' spouses were named solely for the purpose of binding the marital community estate. *See* California Family Code § 1000(b).

Section 1000 further provides:

"(b) The liability of a married person for death or injury to person or property shall be satisfied as follows:

(1) If the liability of the married person is based upon an act or omission which occurred while the married person was performing an activity for the benefit of the community, the liability shall first be satisfied from the community estate and second from the separate property of the married person.

(2) If the liability of the married person is not based upon an act or omission which occurred while the married person was performing an activity for the benefit of the community, the liability shall first be satisfied from the separate property of the married person and second from the community estate."

■ The issue of whether the Former Vanier Employees were "performing an activity for the benefit of the community" is relevant for later collection purposes. If they were acting for the community, a judgment creditor must resort first to community assets, if they were not, the judgment creditor must first resort to the judgment debtor's separate property.

■ It is proper to determine this issue at time of trial. Just as a trier of fact may at trial determine questions of alter ego to pierce the corporate vail, respondeat superior to hold an employer liable or agency to hold a principal liable, it would promote the interests of judicial economy to determine whether the former Vanier employees were acting on behalf of the community at the same time a trier of fact is looking at those acts to determine if they were wrongful.

The question is whether joinder of both spouses is necessary or permissible.

### 4. Under California Law In Most Circumstances It Is Not Necessary To Name Both Spouses In Litigation In Order To Bind The Community Estate.

In some community property states it is required that the spouse be named in the underlying action in order to later reach the community assets. *See e.g. Flexmaster Aluminum Awning Co. v. Hirschberg,* 173 Ariz. 83, 88, 839 P.2d 1128 (App. 1992) which held that due process and judicial economy required the wife to be named with the husband where the creditor sought, under Arizona statute, to charge the community property with the pre-marital debt of the husband. *See* also discussion in Williams, *When Must A creditor. In An Action To Satisfy An Obligation From Community Property, Join Both Spouses ?,* 29 Idaho L.Rev. 1015 (1992–93). It would appear that under early California common law both spouses had to be named to bind the community assets. *See Horsburgh v. Murasky,* 169 Cal. 500, 501, 147 P. 147 (1915).

Current statutory law makes clear that it is not necessary in California to name both spouses in the action in order to bind the community estate. *See* California Family Code § 910.

Section 910 states in relevant part:

"(a) Except as otherwise expressly provided by statute, the community estate is liable for a debt incurred by either spouse ... regardless of whether one or both spouses are parties.. to a judgment for the debt."

A "debt" includes obligations "based on contract, tort, or otherwise." *See* California Family Code § 902. *See also* California Code of Civil Procedure § 370: "A married person may be sued without his or her spouse being joined as a party ...". *See also Cutting v. Bryan,* 206 Cal. 254, 258, 274 P. 326 (1929) (unnamed spouse was not a necessary party to earlier quiet title action due to privity with named spouse); *Yearout v. American Pipe & Steel Co.,* 74 Cal.App.2d 139, 143–144, 168 P.2d 174 (1946) (unnamed spouse was not a necessary party to earlier materialman's lien foreclosure action due to privity with named spouse).

However, it would appear that in California, where a creditor seeks to reach the **separate** property of the non-debtor spouse, the non-debtor spouse is still a necessary party. *See Credit Bureau of Santa Monica Bay Dist. Inc. v. Terranova,* 15 Cal.App.3d 854, 857–858, 93 Cal.Rptr. 538 (1971) (action against non-debtor spouse for other spouse's necessaries of life under California Civil Code § 5121, predecessor to Family Code § 914); *Evans v. Noonan,* 20 Cal.App. 288, 128 P. 794 (1912) (action against both spouse for one spouse's necessaries of life).

Also, in the circumstance where a creditor sought to charge the community property with the pre-marital debt of one spouse under Family Code § 910(a), the due process concern raised in *Flexmaster* may require joinder of the non-debtor spouse. *See Flexmaster Aluminum Awning Co. v. Hirschberg, supra,* 173 Ariz. at 88, 839 P.2d 1128.

### 5. It Is Permissible To Name Both Spouses In An Action Which Determines Community Liability.

The next question is whether joinder of both spouses is permissible.

The Court has found no California authority that would preclude a plaintiff from naming the non-wrongdoing spouses solely in their capacity as co-representatives of the community estate. Of course, any judgment that issued would be limited to their community responsibility. *See Credit Bureau of Santa Monica Bay Dist. Inc. v. Terranova, supra,* 15 Cal.App.3d at 857, 93 Cal.Rptr. 538, in which the court allowed judgment against the non-debtor spouse "specifically limited with a direction that it be satisfied only out of" such property made. liable by statute, and not as a general judgment against the individual spouse.

Moreover, assuming that the employees' spouses had not been named here, and that they had applied to intervene as parties, the

Court would have granted their request, since the determination of the issues of liability and whether the alleged wrongdoing spouse was performing a community activity would have a direct financial impact on the unnamed spouse. *See e.g. Aguilar v. Los Angeles Co.,* 751 F.2d 1089 (9th Cir.1985).

It would appear that joinder of the non-debtor spouses is permissible.

### 6. *California Law And The Interests Of Justice Permit Dismissal Without Prejudice At The Request Of The Non-Wrongdoing Spouse; However, That Spouse Will Be Bound Be Any Determinations As To Community Liability.*

█ Where both spouses are named in litigation, and where one spouse is included solely in the capacity as a community representative, that spouse has no personal liability, that spouse's separate property cannot be reached for the type of debt alleged, and such spouse does not desire to participate in the litigation, there appears to be no legitimate advantage to plaintiff in forcing the unwilling spouse to participate in the litigation. Indeed, the potential financial conflict arising from the different avenues of collection (whether first from community assets or first from the wrongdoer's personal assets) may give rise to the need for separate counsel for each spouse.

One approach to avoid the foregoing situation would be to retain all defendants, but to sever litigation of the community activity issue as to both spouses, and litigate that separately, when and if a judgment as to the wrongdoing is obtained. *See* Fed.R.Civ.P. Rule 20(b).

The Court opts for a more direct approach. The Family Code Sections cited above were all recently derived from the California Civil Code. There exist certain rules known as the Maxims of Jurisprudence to the "just application" of that Code. *See* Civil Code § 3509. The Court believes that two Maxims are particularly applicable here: "The law neither does nor requires idle acts." Civil Code § 3532; "The law respects form less than substance." Civil Code § 3528.

For the Court to retain the employees' spouses as parties here, when, by their mo-

tion to dismiss they have indicated they have no desire to participate in the various determinations, would be to require an idle act in terms of substantive consequence to plaintiff. While technically permissible, it serves only to harass the former Vanier employees by burdening their spouses.

The Court has authority under Federal Rule 21 to grant dismissal of even permissive defendants where such dismissal would serve the interests of justice—such as where dismissal is necessary to maintain jurisdiction or venue. *See* Fed.R.Civ.P. Rule 21: "Parties may be dropped ... by order of the Court on motion of any party or of its own initiative ... on terms as are just"; *see eg. Great American Ins. Co. v. Louis Lesser Ent. Inc.,* 353 F.2d 997, 1001 (8th Cir.1965): since parties named on "alter ego theory" were "at most, nominal parties, the court could have dropped both of these defendants" to retain diversity jurisdiction.

█ The Court therefor finds that where a non-debtor spouse is named solely as a community representative, in order to bind the community for acts committed by the debtor spouse during the marriage, and not in an effort to reach the non-debtor spouse's separate property, the non-debtor spouse may opt not to participate in the litigation, and will be dismissed as essentially a nominal defendant upon the non-debtor spouses' request.

Of course, the dismissed spouse cannot later contest the determinations of liability and community responsibility made in that spouses' absence. *See* Civil Code § 3521: "He who takes the benefit must bear the burden"; California Family Code § 910(a). The principals of collateral estoppel would also apply to the dismissed spouse as that spouse is in privity with the remaining spouse. *See Nemeth v. Aluminum Cooking Utensil Co.,* 146 Cal.App.2d 405, 407–409, 304 P.2d 129 (1956); *Zaragosa v. Craven,* 33 Cal.2d 315, 317–320, 202 P.2d 73 (1949).

### 7. *The Employees' Spouses Do Not Appear To Be Named Solely In Their Representative Capacity Here.*

Although Plaintiff has indicated it was not Plaintiff's intent to name the employees' spouses in their individual capacity, it ap-

pears that they have been so named. Though no wrongdoing is alleged against them, they are identified in both the caption and the identifying paragraphs (*see* Complaint ¶ 6, 10, 13, 16 & 19) in *exactly* the same way as the former Vanier employees, against whom personal liability is sought. Plaintiff should have identified the employee spouses as being "named solely in the capacity as representative of the community estate."

### 8. The Motion Of The Employees' Spouses To Dismiss Is Granted.

For the reasons above, the Motion to Dismiss is Granted without prejudice, but without leave to amend.

IT IS SO ORDERED.